JOHN FUNK

*v.*

SIMON MOHR *et al.*

*Opinion filed April 17, 1900.*

1. CONTRACTS—*construction of contract for payment of portion of sum
"realized" from litigation.*  A contract providing for the payment by
the first party to the second parties of five-twelfths of whatever he
might "realize" out of certain litigation will be construed as mean-
ing five-twelfths of the gross amount recovered, without deduction
for the expense of litigation or settlement attending the transac-
tion, where the suit mentioned was to recover money belonging to
an estate in which the second parties were interested, and which
the first party had paid out without right or authority.

2. EVIDENCE—*when attorney may testify without violating rule of privi-
lege.*  In a suit on a contract to pay the plaintiffs a portion of the
amount realized by the defendant from certain litigation, the at-
torney who acted for the defendant in drawing the contract may
testify as to the construction placed upon a certain provision by
himself and his client, particularly where the attorney has bound
himself personally, to the extent of his property, for the perform-
ance of the contract.

*Funk v. Mohr*, 85 Ill. App. 97, affirmed.

APPEAL from the Appellate Court for the Second Dis-
trict;—heard in that court on appeal from the Circuit
Court of LaSalle county; the Hon. H. M. TRIMBLE, Judge,
presiding.

FOWLER BROS., for appellant.

DUNCAN & DOYLE, for appellees.

Per CURIAM: This is an action of assumpsit begun by appellees in the circuit court of LaSalle county, resulting in a judgment in their favor, which has been affirmed by the Appellate Court. That court, in its opinion by CRABTREE, P. J., made the following statement of facts and decision:

"Prior to 1890 Elizabeth B. F. Reddick had departed this life intestate in LaSalle county, leaving as her heirs-at-law, the appellant, John Funk, who was her brother, and the appellees, who were the children of a deceased half-sister of said Elizabeth, and also one grandchild of said deceased half-sister. Appellant had obtained possession of all the real and personal estate of said Elizabeth, and certain litigation had been commenced by the appellees to establish their claim to one-half of the property. Appellant had commenced a suit against Daniel Evans, who was then the probate judge of LaSalle county, to recover the sum of $2500, which appellant claimed had been obtained from him by Evans on fraudulent claims and pretenses. For the purpose of procuring a settlement of the litigation between himself and appellees, appellant employed Judge Hiram T. Gilbert, an attorney at law, to go to Germany and endeavor to effect a compromise, giving Gilbert a power of attorney, which authorized him to make any agreement in writing which he might deem necessary to adjust differences between the parties and bring to an end all litigation then pending between them in the courts of LaSalle county. Gilbert proceeded to Germany, and, acting under this power of attorney, made a settlement between the parties, the agreement being reduced to writing and dated January 7, 1890, appellees being the parties of the first part and appellant the party of the second part. The agreement contained, among others, the following clause:

" '*Third*—That the said party of the second part agrees to pay to said parties of the first part five-twelfths of whatever he may realize out of the suit now pending in

the circuit court of LaSalle county, Illinois, brought by him against Daniel Evans, judge of the probate court of LaSalle county, to recover the sum of twenty-five hundred dollars ($2500) paid by said Funk to the said Evans.'

"After the making of this agreement the suit of *Funk* v. *Evans* was prosecuted to judgment in the circuit court of LaSalle county, which judgment was affirmed by this court (38 Ill. App. 441,) and by the Supreme Court. (*Evans* v. *Funk*, 151 Ill. 650.) On February 5, 1895, Gilbert, as Funk's attorney, collected as proceeds of this judgment $3146, and applied the same in payment of the amount he claimed was due him from Funk for fees, services and expenses in making the trip to Germany. Funk was notified of this application of the money by Gilbert. Subsequently one Lynden Evans commenced suit in the circuit court of LaSalle county against appellees to recover for services alleged to have been rendered by him on behalf of appellees in their litigation against Funk. This suit was defended by Gilbert and D. B. Snow, who were attorneys for appellant, employed by him for that purpose and paid by him. The result of the suit was a judgment in favor of appellees, which judgment was affirmed by this court and by the Supreme Court. (*Evans* v. *Mohr*, 42 Ill. App. 225; 153 Ill. 561.) Appellant having refused to account to appellees for any portion of the amount collected from Daniel Evans, they brought the present suit against him, and in the court below, where a jury was waived and a trial had by the court, they obtained a judgment for $1561.34, being five-twelfths of the $3146 collected from Evans, with interest thereon from February 5, 1895, the date when judgment was collected. To reverse this judgment appellant prosecutes this appeal.

"It was not disputed in the court below, nor is it here, that the sum of $3146 was collected as the proceeds of the judgment against Evans, but it is claimed by appellant that clause 3 of the contract above quoted required him to pay to appellees only five-twelfths of the net

amount he might recover from Judge Evans,—or, in other words, that he was only bound to pay appellees five-twelfths of the amount collected from Judge Evans after deducting the costs and expenses of collection, including attorney's fees. He also claims the right of set-off as to moneys paid out by him in defending appellees in the suit brought against them by Lynden Evans. On the other hand, appellees insist on the right to five-twelfths of the gross amount collected from Judge Evans, and contend that was the true amount 'realized,' and they deny the right of appellant to any claim of set-offs for money paid out in the defense of the Lynden Evans suit.

"We think it a fair deduction from the evidence, and that it may fairly be inferred from the whole contract, (which was procured for appellant's benefit and should be construed most strongly against him,) that the $2500 paid by appellant to Evans belonged to the estate of Elizabeth B. F. Reddick, in which appellees had an interest, and that appellant had paid it to Judge Evans without right or lawful authority so to do; and that he should recover it back at his own expense seems most consonant with justice and the spirit of the contract. The contract certainly does not limit the right of appellees to five-twelfths of the net amount collected. Had that been the intention of the parties it was a very simple matter to so express it. Under the definitions given by different lexicographers of the word 'realize,' either construction claimed by the parties herein might be given to the word as used in the contract; but placing ourselves as nearly as possible in the position they occupied when the contract was made, for the purpose of ascertaining what they meant by what they said, we are disposed to think the parties intended that five-twelfths of the gross amount recovered from Judge Evans should be paid to appellees. This was the construction placed upon the contract by the court below, and we hold it was right.

"As to the expenses and attorney's fees in the Lynden Evans suit, although the courts held there was no privity between Evans and appellees, yet it was undoubtedly a matter growing out of the Barnum contract, and within the spirit of the contract made by Judge Gilbert on behalf of appellant with appellees, and which provided that appellees should be protected from any liability which might in any way arise against them by reason or on account of the Barnum contract. This was the construction placed upon the contract by Judge Gilbert, who drew it and procured its execution for the benefit of appellant. The evidence shows that the contract was so explained by Judge Gilbert to appellant, that the latter adopted such construction, and acted accordingly by employing counsel and defending appellees against the Lynden Evans suit. Even if the question as to Judge Gilbert's testimony being competent is properly saved in the record, (of which we entertain some doubt,) still we are of the opinion it was competent and that there was no error in admitting it. It was not a disclosure of confidential matters the knowledge of which he obtained while attorney for the appellant, but it was a statement of facts in the case concerning which he had personal knowledge. Besides, in the contract under consideration Judge Gilbert had bound himself personally to the extent of his property and had a personal interest in the defense of the Lynden Evans suit, and we regard it as entirely competent for him to testify to the construction which was placed upon the contract by himself and appellant in relation to the defense of that suit."

Our examination of the briefs and arguments of counsel for the respective parties has resulted in the conclusion that every substantial question raised upon the record has been properly disposed of in this opinion, and it will therefore be adopted as the opinion of this court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*