FRANK J. IADONE, WALTER LAPINSKY AND JOSEPH HAGEN, PROSECUTORS, v. THE STATE OF NEW JERSEY, DEFENDANT.

Submitted March 8, 1923—Decided June 5, 1923.

Indictments—Burning Motor Vehicle Under Act of 1921, ch. 209—Constitutionality of Act Sustained.

On writs of *certiorari.*

Before Justices KALISCH, BLACK and KATZENBACH.

For the prosecutors, *Weinberger & Weinberger.*

For the defendant, *J. Willard DeYoe* and *Bernard Stafford.*

PER CURIAM.

The writs of *certiorari* allowed in the above cases have brought to this court two indictments found against the

prosecutors at the January term, 1922, of the Court of Oyer and Terminer in and for the county of Passaic. One of the indictments is based upon chapter 209 of the laws of 1921 (*p.* 687), which is entitled: "An act declaring it a felony to willfully and maliciously burn or cause to be burned or to set fire to, or to attempt to set fire to, or to otherwise destroy any motor vehicle."

The body of the act reads as follows:

"1. If any person shall willfully and maliciously burn or cause to be burned, or set fire to, or attempt to set fire to any motor vehicle, with intent thereby to defraud or prejudice any person or body politic or corporate that has underwritten or shall underwrite any policy of insurance thereon, or with intent thereby to destroy the property of another, then, and in every such case, the person so offending shall be guilty of a felony, and, upon conviction thereof, shall be sentenced to pay a fine not exceeding one thousand dollars, and to undergo imprisonment not exceeding five years."

This indictment contains four counts. The first charges that the prosecutors on March 28th, 1922, unlawfully, willfully and maliciously did burn certain goods and chattels, to wit, one Oldsmobile automobile, the property of Frank J. Iadone, which was insured by the said Frank J. Iadone in the Glens Falls Insurance Company, with intent to prejudice the said company, contrary to the form of the statute, &c.

The second count is similar to the first count except it uses the words "did cause to be burned" for the words "did burn" used in the first count.

The third count is in the same form as the first and second counts, except that it uses the words "did aid, counsel, procure and consent to the burning" in place of the words in the first and second counts previously mentioned.

The fourth count is in the same form as the others, using, however, the words "did set fire to and burn" certain goods and chattels, &c.

The second indictment charges the prosecutors with conspiracy to burn and destroy the automobile with intent to defraud the said insurance company.

The prosecutors contend that chapter 209 of the laws of 1921 is unconstitutional, in that it violates article 3, section 7, subdivision 4, of the constitution of New Jersey, which reads as follows: "To avoid improper influences which may result from intermixing in one and the same act such things as have no proper relation to each other, every law shall embrace but one object and that shall be expressed in the title." The insistence is that the body of the act makes it a felony not only to set fire to and destroy an automobile, but to destroy other kinds of property than an automobile, while the title of the act refers to the burning or destruction of a motor vehicle, so that the body of the act is broader than its title. The clause which the prosecutors contend makes the act applicable to property other than motor vehicles is the following clause, "with intent thereby to destroy the property of another."

We do not think the construction given to the act by the prosecutors warranted by the language thereof. The body of the act makes it a felony to burn a motor vehicle with intent (1) to defraud one who has insured the same, or, (2) with intent thereby to destroy the property of another. The property of another, referred to, is a motor vehicle, in our opinion, and nothing else. It is quite evident that the act, when drafted, had in it the words "a motor vehicle" between the words "destroy" and "the" in the clause "or with intent thereby to destroy the property of another," so that it read "or with intent thereby to destroy a motor vehicle, the property of another," and that in printing the act the words "a motor vehicle" were inadvertently omitted. Without these words there is nothing in the act which suggests that the words "property of another" mean anything else than a motor vehicle, which is the only kind of property referred to in the act. We do not even think it necessary to insert in the statute the words "a motor vehicle" to make the clause referred to apply to motor vehicles, but if it were necessary we think that the other parts of the statute are sufficiently clear to justify such an insertion, under the rule of construction that words may be supplied to effect a meaning

clearly shown by the other parts of the statute to carry out an intent therein expressed. *Lane* v. *Schomp*, 20 *N. J. Eq.* 82; *Orvil* v. *Woodcliff*, 61 *N. J. L.* 107. As we hold that the act relates only to motor vehicles, it follows that the title of the act is good, as the title need be only a label and not an index, as has been frequently stated, and that the act is constitutional.

This view makes it unnecessary to consider whether the indictments can be sustained under sections 37 and 126 of the Crimes act, as the state contends.

The writs of *certiorari* are dismissed and the indictments remanded to the Passaic Oyer and Terminer for trial.