DAVE BOLKER v. STATE OF NEBRASKA.

278 N. W. 377

FILED MARCH 11, 1938. No. 30210.

*Alfred A. Raneri* and *Raymond T. Coffey,* for plaintiff in error.

*Richard C. Hunter, Attorney General,* and *Harry Grimminger, contra.*

Heard before GOSS, C. J., ROSE, PAINE, CARTER and MESSMORE, JJ.

MESSMORE, J.

Plaintiff in error (hereinafter referred to as defendant) was informed against for the offense of aiding, abetting and encouraging a delinquent child in her delinquency. A jury returned a verdict of guilty, and after overruling defendant's motion for a new trial, the trial court imposed a jail sentence of 6 months and a fine of $500 against the defendant, from which sentence and fine he prosecutes error to this court.

Without detailing the evidence at great length, it estab-

lishes that Dorothy Young was a delinquent minor, born December 6, 1919, and was at the time of filing of the complaint approximately 17 years, 2 months, of age. She registered at the Plaza Hotel in the city of Omaha February 1, 1937, paid one dollar for a room and was assigned to room 704 by the defendant, who was one of the owners of the Plaza Hotel, night clerk and manager thereof. The girl, Dorothy Young, upon preparing for bed, heard a knock at the door of her room and answered it, when she met the defendant who informed her that they kept girls in the hotel that were "hustling girls," and asked her if she would like to work there. She informed him to the contrary. Subsequently, she received a telephone call to go down on the second floor and meet a man, and thereafter for a period of one week, while she stayed in the hotel, the defendant procured "dates" for her. From this point on, the evidence is replete with the story of her prostitution, her conduct with other girls in the hotel, and her subsequent removal to a house of prostitution, where the defendant procured other "dates" for her at different hotels. The evidence establishes the bad reputation of the Plaza Hotel.

Defendant denied all of the foregoing facts and contended that he was not on duty at the time the girl registered, and there is some evidence that she is presumed to have registered under another name, which signature is denied by her in the record. The evidence details certain sordid and repulsive facts which we deem unnecessary to relate. Suffice it to say that the foregoing constitutes a sufficient portrayal of the evidence to meet the requirements of this case.

Defendant groups the first two assignments of error: That the court erred in admitting, over objection of defendant, certain evidence; and that the verdict is not sustained by sufficient evidence and is contrary to law.

The defendant was informed against under section 43-221, Comp. St. 1929, which is in part as follows: "In all cases where any child shall be a delinquent or dependent

child, as defined by the statute of this state, * * * or any other person responsible for, or by any act encouraging, causing or contributing to the delinquency or dependency of such child, shall be guilty of a misdemeanor." This section is taken in conjunction with section 43-201, Comp. St. 1929, which is in part as follows: "For the purpose of this article the words .'dependent child' and 'neglected child' shall mean any child under the age of eighteen years, who * * * has not proper parental care or guardianship, or is growing up under such circumstances as would tend to cause such child to lead a vicious or immoral life; * * * or who is found living in any house of ill fame or with any vicious or disreputable persons. * * * The words 'delinquent child' shall include any child under the age of eighteen years who violates any law of this state or any city or village ordinance, * * * or who knowingly associates with thieves, vicious or immoral persons, or who is growing up in idleness or crime, or who knowingly visits or enters a house of ill repute; * * * or who wanders about. the streets in the nighttime, without being on any lawful business or occupation."

Defendant's complaint is that the evidence was prejudicial in that it would meet the conception of an offense to be charged under section 28-907, Comp. St. 1929, which is in part as follows: "Whoever shall procure a female inmate for a house of prostitution, or assignation, or whoever shall induce, encourage, inveigle, or entice a female person to become a prostitute; or whoever by promises, threats, violence or by any device or scheme, shall cause, induce, persuade, * * * or entice a female person to become an inmate of a house of prostitution or shall procure a place for a female as inmate in a house of prostitution, or any place where prostitution is practiced, encouraged or allowed," etc.

After a careful reading of sections 43-221 and 43-201, Comp. St. 1929, in their entirety, we are convinced that any act or inducement brought about by any person that contributes to the delinquency of a minor is pertinent as

evidence to be considered in a case brought under said section 43-221, and that, if the evidence should go to an extent that it might prove a greater offense than that charged, it is not violative of the lesser charge.

In 16 C. J. 588, it is said: "Evidence which is relevant to defendant's guilt is not rendered inadmissible because it proves or tends to prove him guilty of another and distinct crime. It often happens that two distinct offenses are so inseparably connected that the proof of one necessarily involves proving the other, and in such a case, on a prosecution for one, evidence proving it cannot be excluded because it also proves the other."

Defendant cites *Wallace v. State,* 91 Neb. 158, 135 N. W. 549, on the proposition that, where a statute is general in its terms and a later statute makes some of the elements of the former statute a specific crime, such later statute must govern. Therefore, defendant contends, the prosecution in this case should have been brought under section 28-907, Comp. St. 1929, and was not properly brought under section 43-221, Comp. St. 1929.

The above case is not analogous to the proposition here under consideration. The Nebraska statute carefully defines what constitutes a neglected and delinquent child, and on the charge of aiding in the delinquency of the child the defendant was tried. While some of the same evidence would be admissible under section 28-907, Comp. St. 1929, if the defendant had been informed against under that statute, the same elements are not inconsistent under section 43-221, Comp. St. 1929.

Defendant sets forth in his brief certain remarks made by the trial judge which he contends were prejudicial and erroneous, and cites 16 C. J. 827, as follows: "Remarks made by the trial judge in the jury's hearing, in making rulings, will have the same effect as formal instructions; and the judge must be careful, in his conduct of the case, that he says and does nothing in the presence of the jurors while the case is progressing which can be construed to the prejudice either of the prosecution or of accused." And

defendant also cites 16 C. J. 829, as follows: "The court may properly caution, correct, admonish, and to a certain extent, criticize counsel during the case, provided it is done in such manner as not to subject counsel to contempt or ridicule, or to prejudice accused in the minds of the jurors."

Reading the record in its entirety and recognizing that the remarks made by the trial judge during the course of the examination of witnesses were made primarily to the attorneys and for the purpose of preserving order, we believe that, while such remarks were not as dignified as they should have been, they were not prejudicial to the defendant. Counsel for defendant, as the record portrays, was not subjected to contempt, ridicule or prejudice on account of the remarks made by the trial judge; nor is there any fact portrayed by the record in this case which discloses that the jury were prejudiced by such remarks.

While the brief of the defendant criticizes language used in a certain instruction, which was not pressed in oral argument before this court, we have examined the instructions, considered them together and construed them as a whole, and believe that, under such construction, they fairly and accurately state the law, and that there is no prejudicial error contained therein.

From an examination of the entire record, we believe the verdict of the jury and the sentence and fine imposed by the court should stand.

AFFIRMED.