## MONTGOMERY *v.* STATE OF INDIANA

[No. 17,329.   Filed December 11, 1944.]

[For opinion of the Supreme Court transferring the appeal to the Appellate Court, see 222 Ind. 606.]

*Paul P. Boyle* and *Norval K. Harris*, both of Sullivan, for appellant.

*James A. Emmert*, Attorney General, *Frank Hamilton*, First Deputy Attorney General, and *Frank E. Coughlin*, Deputy Attorney General, for The State.

FLANAGAN, J.—Upon an affidavit drawn under §9-2804, Burns' 1942 Replacement, §5698, Baldwin's

1934, appellant by a jury in a juvenile court was convicted of encouraging a boy to commit sodomy.

Section 9-2858, Burns' 1942 Replacement, §1758-30, Baldwin's 1934, provides that an appeal from a judgment of a juvenile court shall lie to the Appellate Court, and that "no such judgment shall be reversed except as the finding of facts or evidence to sustain the same shall be found by the Appellate Court to be insufficient." Appellant seeks to present questions other than the sufficiency of the finding of facts or evidence, on the theory that the above quoted statutory provision is an unconstitutional limitation upon this court's powers to review the judgment of the trial court.

Upon the assumption that the raising of this constitutional question gave jurisdiction to the Supreme Court under clause "First" §4-214, Burns' 1933, §1356, Baldwin's 1934, appellant originally filed this appeal in the Supreme Court. That Court transferred it here pursuant to §4-217, Burns' 1933, §1362, Baldwin's 1934, with an opinion [222 Ind. 606, 56 N. E. (2d) 854] from which we quote the following:

> "Ordinarily an appellate court does not consider a constitutional question unless by the ruling thereon in the lower court the party raising it has been prejudiced and unless further its decision is necessary to disposition of the appeal. So far, appellant has not been harmed. He is merely anticipating harm by the expected refusal of the Appellate Court to consider his assigned errors. But that court, applying the doctrine of *Warren* v. *Indiana Telephone Co.*, 1937, 217 Ind. 93, 26 N. E. (2d) 399, may conclude that the legislative limitation in § 9-2858, supra, of its powers to review the judgment is unconstitutional denial of due process. We know of no rule, statutory or otherwise, which inhibits its so holding and accordingly considering and deciding all of appellant's assignments of error. Or it may conclude that the case may be disposed of without the necessity of deciding the constitutionality of the section. In any event the decision

and opinion of the Appellate Court may be reviewed by us under the procedure outlined in the Warren case and Rule 2-23, 1943 Revision."

We are of the opinion that it is necessary to the disposition of this appeal that the constitutional question raised be decided. But as the Supreme Court above indicates, this court is not thereby divested of jurisdiction of the appeal. Section 4-214, Burns' 1933, §1356, Baldwin's 1934, which provides for appeals to the Supreme Court of all questions involving the constitutionality of a statute has reference to constitutional questions involved in the case appealed. There is here no constitutional question involved in the case appealed. No such question was presented in the trial court. The only constitutional question here presented arose in this court after the case was appealed and concerns only the scope of the jurisdiction of this court. It is therefore one which it is the duty of this court to determine.

The constitutional question which we are called upon to determine involves not the jurisdiction of this court over the subject matter of the appeal, but only the extent of the exercise of such jurisdiction.

The involved statutory provision limits the power of this court in reviewing the judgment appealed from the juvenile court to a determination of two questions: (1) Is the finding of facts sufficient? (2) Is the evidence sufficient to sustain the finding of facts?

The right to judicially review the judgments of inferior courts vested in the Supreme Court by the Constitution cannot be annulled by legislative action; and the scope of this power embraces the right to determine if the requirements of due process have been met. *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 117, 26 N. E. (2d) 399. While the above case

involved the review of an order of an administrative body, logic and reason apply the rule there announced concerning right of review and the extent of the power of review with like force to the review of judgments of inferior courts.

While this power of judicial review is vested by the Constitution in the Supreme Court, it is necessarily extended to an inferior or intermediate court of review. The authority given to the legislature to create such a court and to regulate and restrict its jurisdiction does not include authority to so limit the scope of its power to review in those cases where it is given jurisdiction as to prohibit the orderly functioning of the judiciary as an independent branch of the government. If the involved statutory limitation on this court's power to review were binding, the decision of this court in cases of the kind before us would be so limited as to burden both the litigants and the Supreme Court with the necessity of a transfer to the Supreme Court in order to present questions of substantial rights. Such an incongruous situation is inconsistent with that proper functioning of the judicial branch of government mandated by the Constitution. We hold that the involved statutory provision is unconstitutional.

We are cognizant of the fact that this court has accepted the involved limitation in prior decisions. However, its constitutionality was not passed upon.

We proceed to consider the appeal upon its merits.

Errors relied upon for reversal are, (1) the court erred in overruling appellant's motion to quash the affidavit; (2) the court erred in overruling appellant's motion for a change of venue from the judge; (3) the court erred in overruling appellant's motion for a new trial; and (4) the decision of the court is contrary to

law. In his motion for a new trial appellant says that the verdict of the jury is not sustained by sufficient evidence and is contrary to law, and that the court erred in the giving and refusing of certain instructions.

Except as to the giving of instruction numbered 12 and the overruling of the motion for a change of venue from the judge, all of appellant's objections to ██ rulings of the trial court are based upon one proposition. He contends that the actual commission of an immoral act by the involved minor was an essential element of the crime of which appellant was convicted. We cannot agree with this contention. The affidavit charges appellant under §9-2804, Burns' 1933, §5698, Baldwin's 1934, with encouraging a juvenile to commit the crime of sodomy as defined by §10-4221, Burns' 1933, §2603, Baldwin's 1934. The gist of the crime with which appellant is charged is not the actual doing of the immoral act by the minor but rather the act of the adult in encouraging him to do it. *Ditton* v. *State* (1943), 222 Ind. 25, 51 N. E. (2d) 345.

Instruction numbered 12 given by the court on its own motion was condemned as prejudicial error by our Supreme Court in the case of *Burris* v. *State* ██ (1941), 218 Ind. 601, 34 N. E. (2d) 928. For the giving of this instruction the judgment must be reversed.

Appellant's motion for a change of venue from the judge was overruled on the theory that it was not timely filed. Inasmuch as we have determined that the judgment must be reversed it is not necessary that we pass on the correctness of that ruling.

Judgment reversed with instructions to sustain appellant's motion for a new trial, and for further proceedings consistent with this opinion.

Note.—Reported in 57 N. E. (2d) 943.