STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. EDWARD Mac LEAN, PLAINTIFF IN ERROR.

Submitted January 22, 1947—Decided May 16, 1947.

Before Case, Chief Justice, and Justices Heher and Colie.

For the plaintiff in error, *David Cohn.*

For the defendant in error, *Manfield G. Amlicke,* Prosecutor of the Pleas; *Donald G. Collester,* Assistant Prosecutor of the Pleas.

The opinion of the court was delivered by

Colie, J.  Edward MacLean was indicted for the crime of carnal abuse committed upon his infant daughter, seven years of age.  Trial by jury was waived and the trial proceeded before the Honorable Joseph A. Delaney in the Court of Special Sessions.  At its conclusion, the court found the plaintiff in error guilty and sentenced him to the state prison for a maximum term of three years and a minimum term of two years.

The case is brought up under *R. S.* 2:195–14 and 16.  The record is attenuated and consists of an agreed state of case in lieu of a transcript of the actual testimony.  Elizabeth MacLean, the infant, was sworn and before testifying, the court examined into her qualifications as a witness.  She testified that she was in the second grade in school, knew the difference between right and wrong and also knew that if she testified to untruths, she would be punished.  Her further testimony was that on Saturday night, April 20th, 1946, her father came home drunk, while her mother was out of the house; that he called her into the bedroom and after removing his clothing and hers "he pulled her onto the bed and got on top of her, she was lying on her back, and then he put his 'thing' between her legs against her private.  She started to cry and he put his hand over her mouth to stop her. He then got up and let her go to read the funny-papers, and gave her a quarter telling her not to tell her mother what had happened. * * *  She did not tell her mother about the incident until the following Thursday, five days later, because she was afraid of her father. * * *  that about

a year ago her father had done the same thing to her while he was drunk, and she had told her mother about it the next day."

Ellen MacLean, the mother of the child, testified that on April 20th, 1946, the plaintiff in error came home intoxicated. She also testified "that about a year before the child had told her of another attempt by the defendant to assault her in the same manner, and when she accused the defendant the following day he denied it and said that the child was imagining things."

The plaintiff in error admitted that on the evening of April 20th, after drinking beer at a tavern, he came home but said that he was not intoxicated. He admitted that about a year prior to the incident for which he was indicted, his wife had told him that the daughter had accused him of an attack upon her and that he had replied that it was the child's imagination. He denied that he ever attacked the child.

Plaintiff in error raises and argues three points; the first being that the verdict is against the weight of the evidence. This we deem to have no merit. In order to reverse a judgment of guilt in a criminal case on the ground that the verdict is against the weight of the evidence, the fact that the verdict is against the weight of the evidence must be so clear as to give rise to the inference that it is the result of mistake, passion, prejudice or partiality, and as stated by Mr. Justice Perskie in *State* v. *Monia,* 132 *N. J. L.* 91 (at *p.* 96) : "The test under *R. S.* 2 :195–19 (assignments of error that the verdict is against the weight of the evidence) is not whether our minds, as reviewing judges, are also satisfied beyond a reasonable doubt of the guilt of the accused. The test is whether the jury whose exclusive function it is to determine whether the guilt of the accused has been established beyond a reasonable doubt committed an 'injustice' as the result of a 'plain and obvious failure' to function within its allotted sphere." *State* v. *Cox,* 128 *Id.* 108. It is of significance that the plaintiff in error did not deny that the infant had made a similar charge against him about a year prior to the incident for which he was indicted. *State* v. *Lanto,* 99 *Id.* 94, is authority for the proposition that evidence of the

commission of prior offenses between the same parties is admissible on the trial of an indictment for carnal abuse.

It is next said that the court erred in admitting the testimony of the infant and that there was no preliminary examination by the court to determine whether she was qualified as a witness. As stated heretofore, the agreed state of case shows that the infant was examined as to her qualifications before testifying and said that she knew the difference between right and wrong and that if she testified to an untruth she would be punished. It is settled in this state that the adjudication as to capacity and responsibility of an infant under the age of fourteen to testify is to be made by the trial court and that its judgment will not be reviewed on error unless it is plainly shown to have been made without any evidence to support it. *State* v. *Labriola*, 75 *N. J. L.* 483; *Carlotz* v. *Gavin*, 133 *Id.* 61.

The last point is that the proofs do not support the conviction of the crime of carnal abuse. The contention of the plaintiff in error seems to be based upon the assumption that there must be injury to the genital organs of the female in order to constitute the crime of carnal abuse. The cases of *State* v. *Hummer*, 73 *N. J. L.* 714, and *State* v. *Huggins*, 84 *Id.* 254, hold that carnal abuse is an act of assault or debauchery of the female sexual organs by the genital organs of the male which falls short of knowledge with its accompanying penetration. We have not found and counsel does not point out to us any case sustaining the proposition that there need be injury to the genitalia of the female.

We conclude that the points raised are all without merit and accordingly the judgment under review is affirmed.