33 N.J. Super. 462 (1954)
110 A.2d 572
STATE OF NEW JERSEY, PLAINTIFF,
v.
CONCEPCION MONTALBO, DEFENDANT.
Superior Court of New Jersey, Hudson County Court, Law Division (Criminal).
Decided December 17, 1954.
*464 Mr. Frederick T. Law, Hudson County Prosecutor (Mr. William A. O'Brien, Assistant County Prosecutor, appearing), attorney for the State.
Mr. Albert J. Shea, attorney for the defendant.
DUFFY, J.C.C.
The above-named defendant was tried before me on an indictment charging him with violation of N.J.S. 2A:96-4. The indictment, entitled "Contributing to delinquency of child," was returned by the Hudson County grand jury under date of May 3, 1954. At the close of the State's case, the defendant moved for judgment of acquittal on the grounds that (1) since the statute is silent as to the age of a child thus involved and it appearing that the State's witness was a girl of 17 years, there could be no conviction under the present indictment; and (2) that the statute, being vague, indefinite and uncertain in its language, is unconstitutional, it being violative of the due process clause of the United States Constitution.
I reserved decision on the motion. Defendant then rested and renewed his motion for acquittal. I directed counsel to furnish briefs in support of their contentions and reserved decision.
*465 The statute under review, N.J.S. 2A:96-4, is entitled, "Contributing to delinquency of child" and provides:
"A parent, legal guardian or person having the custody or control of a child, who by any continued negligence or willful act, encourages, causes or contributes to the child's delinquency, or any other person who by any willful act encourages, causes or contributes to a child's delinquency, is guilty of a misdemeanor."
This section was created under the revision of Title 2 of the Revised Statutes of New Jersey as adopted by the Legislature on December 5, 1951 and made effective January 1, 1952. It is included in chapter 96, which is headed "Children" and consists of five sections. Section 1 refers to the concealment of the birth of an illegitimate child or death of any child. Section 2 refers to hiring out or employing minors for mendicant or immoral purposes. The minor must be a child under 18 years of age. Section 3 refers to debauching or impairing the morals of a child under 16. Section 4 is quoted above. It should be noted that the age of the child is not specified. Section 5 refers to hiring, employing or using a child under 18 years of age in connection with the transportation or sale of drugs for any unlawful purpose.
Upon reading the entire chapter, it is, obviously, the intent of the Legislature to penalize adults for their abuse of and misconduct towards children as described in the five sections. The intent is the essence and the life of a law. Glick v. Trustees of Free Public Library of City of Newark, 2 N.J. 579, 585 (1949). And where a section is not entirely clear, statutes in pari materia are to be construed together so as to effectuate the general legislative policy. Lynch v. Borough of Edgewater, 8 N.J. 279, 286 (1951). Since the statute under review directly involves delinquency of a child, the most direct source of information on this subject is the Juvenile Court Act. This act was revised and re-enacted by the Legislature, effective January 1, 1952.
The pertinent section, N.J.S. 2A:4-14, provides that:
"* * * Juvenile delinquency is hereby defined as the commission by a child under 18 years of age
*466 (1) of any act which when committed by a person of the age of 18 years or over would constitute:
a. A felony, high misdemeanor, misdemeanor, or other offense, or
b. The violation of any penal law or municipal ordinance, or
c. Any act or offense for which he could be prosecuted in the method partaking of the nature of a criminal action or proceeding, or
d. Being a disorderly person,
or (2) of the following acts:
e. Habitual vagrancy, or
f. Incorrigibility, or
g. Immorality, or
h. Knowingly associating with thieves or vicious or immoral persons, or
i. Growing up in idleness or delinquency, or
j. Knowingly visiting gambling places, or patronizing other places or establishments, his admission to which constitutes a violation of law, or
k. Idly roaming the streets at night, or
l. Habitual truancy from school, or
m. Deportment endangering the morals, health or general welfare of said child."
It should be noted (especially) that the above definition specifically applies to a child under 18 years of age. The conduct of the child in the case at bar, in which she was aided and abetted by this defendant, makes her subject to be charged (if it has not already occurred) as a juvenile delinquent in the Juvenile Court.
Counsel for defendant has strongly urged, and cited many cases in support of his view, that a statute which is penal in its nature must be strictly and precisely construed. As a general rule that is entirely true. However, the law does not favor a construction of a penal statute that will aid in its evasion. State v. Hand, 71 N.J.L. 137 (Sup. Ct. 1904). Or, as stated by our Supreme Court in a recent decision, State v. Meinken, 10 N.J. 348, 352 (1952), "While a penal statute is not to be extended by implication or intendment, its clear implication and intendment is not to be denied," citing State v. Brenner, 132 N.J.L. 607 (E. & A. 1945). A similar expression was made by our highest court in Mayor and Council of Borough of Alpine v. Brewster, 7 N.J. 42, 50 (1951): "* * * and penal statutes are *467 on well-settled principles to be strictly construed, although the clear implication and intendment of such a statute is not for that reason to be denied."
As mentioned earlier, the reasonable intendment of N.J.S. 2A:96-4 is to punish persons who encourage, cause or contribute to a child's delinquency. The law is established that the prime purpose of construction is to bring the operation of a statute within the apparent intent of the Legislature. Nagy v. Ford Motor Co., 6 N.J. 341, 350 (1951). It is a fundamental rule that where words have been omitted from a statute by inadvertence or through clerical error, and the intent of the Legislature is clearly ascertainable from the context, the court will insert the words necessary to carry out that manifest intent. Iadone v. State, 1 N.J. Misc. 281 (Sup. Ct. 1923).
It is my conclusion that the word "child" used in the statute under review refers to a person under 18 years of age. This conclusion coincides with decisions of other jurisdictions which, too, have laws similar to ours regarding the crime of contributing to the delinquency of a child and fail to designate the age of such child. Cf. Loveland v. State, 53 Ariz. 131, 86 P.2d 942 (Sup. Ct. 1939); Bolker v. State, 134 Neb. 255, 278 N.W. 377, 378 (Sup. Ct. 1938).
The second point argued by defense counsel loses its effect when reference is made to N.J.S. 2A:4-14 for clarification of age and the acts of conduct or omission which constitute delinquency. The acts of misbehavior set forth therein are all-encompassing and are described with sufficient particularity and exactitude so as to meet the criticism of defendant that the statute is vague and indefinite.
Defendant's motion for judgment of acquittal is therefore denied.
I will refer, briefly, to the evidence adduced at the trial with the reminder that the defendant offered no proof in denial. Officer Gilligan of the Hoboken police testified that on August 23, 1953 he visited a rooming house located at 208 Garden Street, Hoboken. The visit was made at the request of the father of a 17-year-old girl who had been *468 absent from her home for some time. The officer found Adele Blank (surname deleted by me) and the defendant occupying a room together and, after questioning the defendant, he arrested him.
Adele testified that she was born on May 16, 1936 and had told the defendant her age prior to any intimate relationships with him. She and the defendant lived together in the furnished room as husband and wife. They had sexual intercourse on many occasions, including the date mentioned in the indictment, August 23, 1953. A certified copy of her birth record was received in evidence.
The rooming house proprietor testified that he had rented a room on or about August 13, 1953 to Adele for purported use by herself and her husband. The room registration was made in the name, Montalbo. The furnishings consisted of a double bed, a dresser and two chairs. The witness said he had seen the couple occupy the room on many occasions during the ten-day tenancy.
A statement signed by the defendant wherein he admitted his guilt was offered in evidence. I denied its admission because I was not satisfied that its import was satisfactorily explained to the defendant who is a native of Puerto Rico and only recently arrived in the United States.
I am satisfied beyond a reasonable doubt that the defendant is guilty of the charge contained in Indictment No. 656.
I direct that Concepcion Montalbo appear before me on Thursday, December 23, at which time arrangements will be made to remand him to the Diagnostic Center at Menlo Park for examination and report thereon pursuant to R.S. 30:4A-5 and N.J.S. 2A:164-3.