STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JAMES BLOUNT, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 17, 1971—Decided March 24, 1971.

212

Before Judges KILKENNY, HALPERN and LANE.

*Mr. I. Mark Cohen,* Assistant Deputy Public Defender, argued the cause for appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney; *Mr. Daniel R. Coburn,* Assistant Deputy Public Defender, of counsel and on the brief).

*Mr. Robert A. Farkas,* Assistant Prosecutor, argued the cause for respondent (*Mr. Bruce M. Schragger,* Mercer County Prosecutor, attorney; *Mr. Andrew J. Smithson,* Assistant Prosecutor, on the brief).

The opinion of the court was delivered by

HALPERN, J. A. D. Defendant was indicted for carnal abuse of S a 12-year-old child, in violation of *N. J. S. A.* 2A:138–1, and for contributing to her delinquency. *N. J. S. A.* 2A:96–4. The jury acquitted him of the carnal abuse charge but convicted him of contributing to her delinquency. This appeal followed.

These charges grew out of an incident which occurred on July 2, 1968 at about 10 P.M. Defendant, who was 26 years old, drove S together with William Liverman (25 years old), E (14 years old), and K (6 years old) to see his new house. The electricity had not yet been connected.

The victim testified that defendant took her into a dark living room and pushed her onto a couch, pulled down her pants and touched her leg and backside. She heard something that sounded like a zipper and as she stated it, "I felt some- on my leg and I felt something between my leg and I screamed * * *." In immediate response to her scream Liverman and E, who had been in the kitchen, ran in, and the incident terminated.

Liverman testified that on hearing a scream he and E ran into the living room. He saw defendant and the victim fully clothed, sitting on the couch. The victim was trembling at the time.

E testified that on entering the living room defendant and the victim were sitting on opposite ends of the couch. The victim's outer shorts "were a little bit off," and the victim was shaking.

Defendant flatly denied the charges made against him by the victim. He denied touching or sitting on the couch with her. His version of the incident was that he had gone into the house with Liverman and did not know which girl had entered the living room. He thought the victim had screamed because she was surprised to come upon him in the living room. All the witnesses agreed that they had been in the house for only a few minutes.

*N. J. S. A.* 2A:96–4 provides:

### Contributing to Delinquency of Child

A parent, legal guardian or person having the custody or control of a child, who by any continued negligence or willful act, encourages, causes or contributes to the child's delinquency, or any other person who by any willful act encourages, causes or contributes to a child's delinquency, is guilty of a misdemeanor.

The indictment charged that defendant "* * * encouraged, caused and contributed to the delinquency of a child, S, by willful acts, to wit: in the night-time he took the said S to a vacant house and exposed himself and fondled her private parts * * *."

After oral argument, we expressed our concern to counsel as to whether the conviction was sustainable under *N. J. S. A.* 2A:96–4, and asked them to submit briefs thereon. Their supplemental briefs have been submitted and considered by us.

It is clear from the proofs that whatever occurred in the living room did not result in the victim's becoming delinquent because of defendant's conduct. We construe

*N. J. S. A.* 2A:96–4 to require the actions of the wrongdoer to result in the child's becoming delinquent before a conviction may be had under this statute. Giving the State the benefit of all reasonable inferences from the proofs, the only crimes defendant could have been charged with were carnal abuse (which the jury did not find), attempted carnal abuse, assault and battery, or debauching or impairing the morals of a child in violation of *N. J. S. A.* 2A:96–3.

The legislative history of *N. J. S. A.* 2A:96–4 supports our view. As originally enacted by *chapter* 163 of the *Laws of 1912*, it provided:

A Supplement to an act entitled "An act for the punishment of crimes (Revision of 1898)," approved June fourteenth, one thousand eight hundred and ninety-eight, making it a misdemeanor to contribute or cause a child to become a delinquent.
Be it enacted by the Senate and General Assembly of the State of New Jersey:
1. In all cases when a child shall be held to be a delinquent child or a juvenile delinquent person, as defined by the statutes of this State, the parent or parents, legal guardian or person having the custody and control of such child, or any other person willfully responsible for, or who, by any continued negligence or willful act or acts, encourage, cause or contribute to the delinquency of said child, shall be guilty of a misdemeanor.

The language used in the title of the act and in the act itself mandated that the child be adjudged or "held to be a delinquent" in order to convict one of the class designated in the act for encouraging, causing or contributing to such delinquency. Substantially the same language was used in the *Revision* of 1937 (*R. S.* 2:117–7). The only difference between the 1912 statute and *N. J. S. A.* 2A:96–4 is that under the latter statute there need not be a prior adjudication of delinquency in order to prosecute the offender.

The State concedes that on the proofs presented defendant could have been indicted and convicted under *N. J. S. A.* 2A:96–3, for debauching or impairing the morals of the victim. The State further argues that the indictment was properly brought under *N. J. S. A.* 2A:96–4 because

*N. J. S. A.* 2A:96–3 and 4 condemn the same kind of conduct. We disagree. Each statute proscribes particular types of conduct and the Legislature had different purposes in mind. *N. J. S. A.* 2A:96–3 was enacted in 1945 to protect children under 16 from acts which tend to debauch or impair the child's morals as distinguished from an assault and battery. Under *N. J. S. A.* 2A:96–3 there need be no showing that the child actually became delinquent. It is sufficient if the proscribed act merely "tends to debauch the child or impair its morals." The statement attached to the act (*chapter* 242 of the *Laws of* 1945) when introduced indicated that

The object of this act is to permit the Grand Juries of the various counties of this State to properly charge a defendant in their indictment with the true nature of the crime committed. Heretofore, crimes as outlined in this act were stated to be Assault and Battery, which does not encompass the true nature of the charge intended, nor does it apprise the defendant of the true nature of the charge lodged against him.

A common sense reading of *N. J. S. A.* 2A:96–4 points up the difference between the two statutes. As previously indicated, unless *N. J. S. A.* 2A:96–4 requires a finding that the child is subject to a charge of being delinquent under *N. J. S. A.* 2A:4–14, it would have been repealed when *N. J. S. A.* 2A:96–3 was enacted. In fact, the only reported case under *N. J. S. A.* 2A:96–4 dealt with the conviction of an adult male for living out of wedlock with a girl under 18 years of age. *State v. Montalbo,* 33 *N. J. Super.* 462, 465 (Law Div. 1954). In *Montalbo* the living together was consensual and the child could have been charged with being delinquent. All other reported cases of the nature here involved have been prosecuted under *N. J. S. A.* 2A:96–3. See *State v. Whittle,* 52 *N. J.* 407 (1968); *State v. White,* 105 *N. J. Super.* 234 (App. Div. 1969), certif. den. 54 *N. J.* 242 (1969); *State v. Balles,* 47 *N. J.* 331 (1966), *cert.* den. 388 *U. S.* 461, 87 *S. Ct.* 2120, 18 *L. Ed.* 2d 1321 (1967); *State v. Raymond,* 74 *N. J. Super.* 434 (App. Div. 1962),

app. dism. 39 *N. J.* 241 (1963) ; *State v. Hintenberger,* 41 *N. J. Super.* 597 (App. Div. 1956).

Judgment of conviction is reversed, and the matter is remanded for entry of a judgment of acquittal.