60 N.J. 23 (1972)
286 A.2d 36
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
JAMES BLOUNT, DEFENDANT-RESPONDENT.
The Supreme Court of New Jersey.
Argued December 7, 1971.
Decided January 17, 1972.
*24 Mr. Robert A. Farkas, Assistant Prosecutor, argued the cause for plaintiff-appellant (Mr. Bruce M. Schragger, Mercer County Prosecutor, attorney; Mr. Robert A. Farkas, Assistant Prosecutor, of counsel and on the brief).
Mr. I. Mark Cohen, Assistant Deputy Public Defender, argued the cause for defendant-respondent (Mr. Stanley C. Van Ness, Public Defender; Mr. I. Mark Cohen, Assistant Deputy Public Defender, of counsel and on the brief).
The opinion of the Court was delivered by PROCTOR, J.
The primary issue in this case is whether a conviction can be obtained under N.J.S.A. 2A:96-4, "Contributing to Delinquency of Child," without proof that the child has become delinquent as a result of defendant's conduct.
The defendant, James Blount, was indicted for carnal abuse of S., an 11 year old girl, in violation of N.J.S.A. 2A:138-1. He was also indicted for violating N.J.S.A. 2A:96-4 in that he "encouraged, caused and contributed to the delinquency" of the child, S., "by willful acts, to wit: in the nighttime he took [S.] to a vacant house and exposed himself and fondled her private parts." The indictments were consolidated for trial.
The evidence at the trial was as follows: On July 2, 1968, at about 10:00 P.M. Blount, 26 years old, drove S., together *25 with William Liverman, 25 years old, E., a 14 year old girl, and a six-year-old boy, to see a house which Blount had recently rented but had not yet occupied. The electricity had not been connected. Blount, Liverman and the girls entered the house through the back door which opened into the kitchen. The boy remained in the car. S. testified that the defendant took her by the arm and led her into a dark living room[1] while the others remained in the kitchen. There he pushed her down on a couch, pulled down her shorts and underpants, and felt her "backside." She heard the zipper on the defendant's pants being opened and, as she put it, "I felt something on my leg and I felt something between my leg [sic] and I screamed." Immediately thereafter E., followed by Liverman, came into the living room. Before they got there the defendant pulled up S.'s underpants and just as E. arrived, S. pulled up her shorts. E. said to the defendant, "Leave her alone" and Liverman said, "Let's go." The four then left the house and the defendant drove the girls, the boy and Liverman to their homes.
Liverman testified that after he, Blount and the girls entered the kitchen, Blount led S. into the living room. He said that a few minutes later he heard S. holler "Leave me alone or something like that." He and E. hurried into the living room and saw Blount sitting on the couch with his arm around S.S. was "trembling" at the time and on the trip home she "seemed all upset."
The foregoing testimony constituted the State's case. No evidence was presented that S. became delinquent as a result of the episode.
Called on behalf of the defendant, E. testified that while in the kitchen with Liverman she heard S. scream and that when she entered the living room the defendant and S. were sitting at opposite ends of the couch. On cross-examination *26 E. said S.'s outer shorts "were a little bit off" and she was "shaking." On the trip home S. continued to shake.
The defendant denied touching S. or sitting on the couch with her. He testified that he had gone into the living room alone and was standing by the window when one of the girls entered. He did not know which girl it was. He thought the girl had screamed because she was surprised to come upon him there.
Following the court's charge, to which no objection was made, the jury acquitted the defendant of carnal abuse[2] but convicted him of violating N.J.S.A. 2A:96-4.
Defendant appealed on the ground that the State failed to prove the charge in the indictment in that there was no evidence that he exposed himself or that he fondled the victim's private parts. After oral argument in the Appellate Division, the Court questioned whether the conviction was sustainable under N.J.S.A. 2A:96-4 and requested supplemental briefs on this point. The statute reads as follows:
A parent, legal guardian or person having the custody or control of a child, who by any continued negligence or willful act, encourages, causes or contributes to the child's delinquency, or any other person who by any willful act encourages, causes or contributes to a child's delinquency, is guilty of a misdemeanor.
After the supplemental briefs were considered, the Appellate Division reversed the conviction and remanded the case to the trial court for entry of a judgment of acquittal. 114 N.J. Super. 211, 216 (1971). The Court stated, "It is clear from the proofs that whatever occurred in the living *27 room did not result in the victim's becoming delinquent because of defendant's conduct." Id. at 213. The Court construed N.J.S.A. 2A:96-4 "to require the actions of the wrongdoer to result in the child's becoming delinquent before a conviction may be had under this statute." Id. at 214. It said that under the proofs "the only crimes defendant could have been charged with were carnal abuse (which the jury did not find), attempted carnal abuse, assault and battery, or debauching or impairing the morals of a child in violation of N.J.S.A. 2A:96-3." Id. In view of its holding the Court did not rule upon defendant's original contention. We granted the State's petition for certification. 58 N.J. 597 (1971).
We reverse. We construe N.J.S.A. 2A:96-4 to require only that the defendant's actions have a tendency to cause rather than result in a child's delinquency. It is true that the terms "causes" and "contributes," as used in the statute, apply only to cases where the child has become a delinquent because of the defendant's conduct or is a delinquent at the time of such conduct.[3] However, the term "encourages" in the statute covers a case where the defendant's conduct has a tendency to cause delinquency whether or not delinquency in fact ensues. In the present case the jury could reasonably find that defendant's actions had such a tendency.
The word "encourage" means to incite, induce, embolden, urge, stimulate, instigate, promote or advance. Webster's New International Dictionary (2nd ed. 1959). The vast majority of courts have held that the terms "encourage" or "encourages" in statutes substantially similar to N.J.S.A. 2A:96-4 do not require that the encouragement succeed, i.e., that the child become delinquent. Lovvorn v. State, 215 Tenn. 659, 389 S.W.2d 252 (1965); Williams v. City *28 of Malvern, 222 Ark. 432, 261 S.W.2d 6 (1953); Wallin v. State, 84 Okl. Cr. 194, 182 P.2d 788 (1947);[4] see State v. Hunt, 8 Ariz. App. 514, 447 P.2d 896 (1968); People v. Owens, 13 Mich. App. 469, 164 N.W.2d 712 (1968); People v. Mitchell, 148 Cal. App.2d 733, 307 P.2d 411 (1957); Montgomery v. State, 115 Ind. App. 189, 57 N.E.2d 943 (1944); but see State v. Miclau, 167 Ohio St. 38, 146 N.E.2d 293 (1957). See generally Annot., "Criminal Liability for Contributing to Delinquency of Minor as Affected by the Fact that Minor Has Not Become a Delinquent," 18 A.L.R. 3rd 824, 826 (1968). We must keep in mind that the purpose of the statute is to protect minors from those who would lead them astray. It was intended to prevent the exposure of a child to the danger of leading an immoral life. See State v. Adams, 95 Wash. 189, 163 P. 403 (1917); People v. Cohen, 62 Cal. App. 521, 217 P. 78 (1923); see also 18 A.L.R. 3rd supra at 827.
Our conclusion is borne out by the legislative history of N.J.S.A. 2A:96-4. Its forerunner, enacted in 1912 (L. 1912, c. 163), reads as follows:
*29 In all cases when a child shall be held to be a delinquent child or a juvenile delinquent person, as defined by the statutes of this State, the parent or parents, legal guardian or person having the custody and control of such child, or any other person willfully responsible for, or who, by any continued negligence or willful act or acts, encourage, cause or contribute to the delinquency of said child, shall be guilty of a misdemeanor. (Emphasis added.)
It is evident from the italicized language the 1912 statute mandated there be a holding that the child is a delinquent in order to obtain a conviction.
The above statute remained substantially the same[5] until 1952 when the 1951 Revision of Title 2 (Crimes Act) became effective. L. 1951, c. 344, Revision of Title 2 of the Revised Statutes of New Jersey. In the Revision the 1912 statute was replaced by N.J.S.A. 2A:96-4. The latter statute made a significant change in the prior law. It eliminated the clause "In all cases when a child shall be held to be a delinquent child or a juvenile delinquent person, as defined by the statutes of this State."
The Appellate Division said that the deletion in N.J.S.A. 2A:96-4 merely meant that there need not be a prior adjudication of delinquency in order to prosecute an offender. 114 N.J. Super., supra at 214. However, it construed N.J.S.A. 2A:96-4 to require a finding of the child's delinquency before an accused could be convicted. Id. at 213-214. We do not read the statute so narrowly. The effect of the deletion was to make our statute substantially the same as those statutes in other states which have been construed by their courts as penalizing any act which may have a tendency to cause delinquency, whether or not delinquency actually results. See, e.g., Lovvorn v. State, supra; Williams v. City of Malvern, supra; Wallin v. State, supra. We think the above decisions are correct in their construction of those statutes. Our Legislature by eliminating the "held to be" clause quoted above did away with the requirement that the child be found to have become a delinquent as a result *30 of defendant's conduct. To construe the statute as the Appellate Division did would frustrate the intent of the Legislature as manifested in the 1951 Revision. It is the vicious result which defendant's acts may produce that the Legislature intended to avoid. Certainly the Legislature did not intend that the offender be punished only in the event that the effect of his conduct had been fully accomplished. His actions are every bit as heinous regardless of the outcome.
As we previously mentioned, the Appellate Division said the defendant could have been charged with violating N.J.S.A. 2A:96-3. It stated, "N.J.S.A. 2A:96-3 was enacted in 1945 to protect children under 16 from acts which tend to debauch or impair the child's morals as distinguished from an assault and battery. Under N.J.S.A. 2A:96-3 there need be no showing that the child actually became delinquent." 114 N.J. Super., supra at 215. That statute provides:
Any person who forces or induces any child under the age of 16 years to do or to submit to any act which tends to debauch the child or impair its morals, is guilty of a misdemeanor.
The Court reasoned, "[U]nless N.J.S.A. 2A:96-4 requires a finding that the child is subject to a charge of being delinquent under N.J.S.A. 2A:4-14 [defining delinquency], it would have been repealed when N.J.S.A. 2A:96-3 was enacted." 114 N.J. Super., supra at 215.
However, N.J.S.A. 2A:96-3 was enacted at the same time as N.J.S.A. 2A:96-4 in the Revision of 1951. N.J.S.A. 2A:96-3 contains virtually the same language as that of chapter 242 of the Laws of 1945.[6] When the 1945 statute was enacted, N.J.S.A. 2A:96-4 was not yet in existence. Its forerunner, L. 1912, c. 163, in force in 1945, required *31 that a child be held a delinquent before a conviction could be obtained. Thus, the 1912 statute would not have been affected by the anactment of chapter 242 of the Laws of 1945 (N.J.S.A. 2A:96-3).
The two statutes as they now exist, although differently phrased, appear to proscribe the same kind of conduct except that N.J.S.A. 2A:96-4 refers to a child under 18, see State v. Montalbo, 33 N.J. Super. 462, 467 (Cty. Ct. 1954), whereas N.J.S.A. 2A:96-3 refers to a child under 16. Indeed, the State concedes the defendant in the present case could have been charged with a violation of N.J.S.A. 2A:96-3. But that fact does not detract from our conclusion. Specific conduct may violate more than one statute. See State v. Covington, 59 N.J. 536 (1971); State v. States, 44 N.J. 285, 291 (1965); State v. Reed, 34 N.J. 554, 572-573 (1961).
Before us the defendant raises the point which the Appellate Division did not reach. He contends that the State failed to prove the charge in the indictment in that there was no evidence that he "exposed himself" or that he fondled the victim's "private parts." He argues there was no proof that S. saw the alleged exposure but rather she merely heard a zipper being opened. The defendant also maintains that there was no evidence that he touched S.'s private parts, i.e., her genitals.
It is true that S. did not actually see the defendant expose himself. But the defendant overlooks the evidence. Under the circumstances of this case, it is not necessary that defendant's exposure be seen but only that the victim be aware of it, whether through hearing, touch or some other sense. Cf. N.J.S.A. 2A:115-1. Here, where there was evidence that after hearing defendant's zipper being opened S. felt something between her legs, the jury could reasonably find that the defendant willfully exposed himself to her.
We also think the evidence, that the defendant pulled down S.'s underpants and felt her bare buttocks, permitted the jury to properly find he fondled her "private *32 parts." In prosecutions such as the present one the term "private parts" is not to be given the restricted meaning of genitalia. It includes not only the organs of reproduction but also their "immediate vicinity." State v. Nash, 83 N.H. 536, 537, 145 A. 262 (1929); cf. State v. Moore, 194 Or. 232, 241 P.2d 455 (1952).
We are satisfied that the words of the indictment gave the defendant adequate notice of the prohibited conduct, and the crime with which he was charged.
The judgment of the Appellate Division is reversed and the defendant's conviction in the trial court is reinstated.
For reversal  Chief Justice WEINTRAUB and Justices JACOBS, PROCTOR, HALL, SCHETTINO and MOUNTAIN  6.
For affirmance  None.
NOTES
[1] The room was not totally dark for, as the defendant later testified, the street lights shining through the front window partially illuminated the room.
[2] The trial judge charged the jury, in accordance with State v. Huggins, 84 N.J.L. 254, 259 (E. & A. 1913), that "carnal abuse is an act of debauchery of the female sexual organ by the genital organ of the male which does not necessarily amount to penetration committed by a male of sixteen years or over upon a female under the age of twelve." See State v. MacLean, 135 N.J.L. 491, 494 (Sup. Ct. 1947); Application of Faas, 42 N.J. Super. 31, 35 (App. Div. 1956): See also State v. Rhein, 117 N.J. Super. 112, 117 (App. Div. 1971).
[3] Juvenile delinquency includes "Immorality," or "Deportment endangering the morals, health or general welfare of a child." N.J.S.A. 2A:4-14(g) and (m). See State in Interest of L.N., 109 N.J. Super. 278 (App. Div.), aff'd o.b., 57 N.J. 165 (1970).
[4] At the time of Lovvorn the Tennessee statute read in pertinent part:

Any adult who shall contribute to or encourage the delinquency of a child whether by aiding or abetting or encouraging the said child in the commission of an act of delinquency or by participating as a principal with the child in an act of delinquency or by aiding the child in concealing an act of delinquency following its commission shall be guilty of a misdemeanor.... Section 37-270 T.C.A. At the time of Williams the Arkansas statute read in pertinent part:
Any person who shall, by any act, cause, encourage or contribute to the ... delinquency of a child, as these terms ... are defined ... shall be guilty of a misdemeanor.... Sec. 45-239 Ark. Stat. 1947 Annot.
At the time of Wallin the Oklahoma statute read in pertinent part:
Every person who shall knowingly or willfully cause, aid, abet or encourage a minor to be, to remain, or to become a delinquent child, as defined... shall be guilty of a misdemeanor.... 21 O.S. sec. 856.
[5] See Revision of 1937 (R.S. 2:117-7).
[6] Chapter 242 of the Laws of 1945 reads:

Any person who shall force or induce any child under the age of sixteen years to do or to submit to the doing of any act which tends to debauch such child or which tends to impair the morals of such child shall be guilty of a misdemeanor.