LOUIS SWANSON V. STATE OF NEBRASKA.

FILED MARCH 11, 1921.  No. 21723.

Jury: DELINQUENCY: TRIAL BY JURY. The trial of a person charged with causing or contributing to the delinquency of a child, in violation of section 1263, Rev. St. 1913, is required to be conducted in the manner that is provided generally by the Criminal Code for other misdemeanors, and the accused is entitled to a jury trial.

ERROR to the district court for Douglas county: WILLIS
G. SEARS, JUDGE. *Reversed.*

*Gray & Brumbaugh* and *Macfarland & Macfarland,*
for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *C. L. Dort,*
contra.

FLANSBURG, J.·

Defendant was charged with contributing to the delin-
quency of a female child under the age of 16 years, in that
he did carnally know and have sexual intercourse with
her. The case was tried to the judge of the juvenile court
without a jury, though a jury was demanded. The defend-
ant was adjudged guilty and sentenced to imprisonment
for a period of 90 days in the county jail and ordered to
pay the costs of prosecution.

This action was based upon section 1263, Rev. St.
1913, providing that any person, causing or contributing
to the "delinquency" of a child, "shall be guilty of a mis-
demeanor, and upon trial and conviction thereof, shall
be fined in any sum not exceeding five hundred dollars, or
imprisonment in the county jail for a period not exceeding
six months."

That provision of the statute was not enacted as a part
of the juvenile court law. It appears as a separate act,
chapter 195, Laws 1905, under a title as follows: "A
bill for an act to provide for the punishment of persons
responsible for, or contributing to, the dependency or
delinquency of children." The juvenile court law (Rev.
St. 1913, secs. 1244-1262), on the other hand, is found
under chapter 59, Laws 1905, under the title: " A bill
for an act to regulate the treatment and control of depend-
ent, neglected and delinquent children." In 1913 the
legislature adopted the Revised Statutes, as prepared
and presented by the statute revision commission, and
under that revision the two laws mentioned were included
in the same chapter, as a part of the same act, and under
the subject "Juvenile Courts."

It is contended that the statute, here in question, was enacted in 1905 as a supplement to the juvenile court act, that the general procedure of the juvenile court was intended to govern, and that such relation between the two statutes is, furthermore, borne out by the subsequent action of the legislature, combining the two enactments in the revision of 1913.

The statute, making it a misdemeanor to contribute to the delinquency of a child and prescribing punishment for violation, is essentially a criminal statute, and does not purport to dispense with a jury trial, nor with other requirements found in the general Criminal Code, nor does it expressly provide that prosecutions under it shall be conducted in the summary manner afforded by the rules of procedure in juvenile courts. The mere grouping of these two laws under one chapter did not, of course, broaden or enlarge the powers under either.

Juvenile courts are not criminal courts. Their function is not to try criminal charges and punish for criminal offenses. It is only upon the theory that they are not criminal courts that their establishment, and that their methods of procedure, can be sustained as constitutional. Children are considered wards of the state. When a child is found without proper parental care, in poverty, or neglected, or incorrigible, or surrounded by vicious and immoral influences, tending to prevent it from growing into a useful and law-abiding citizen, the juvenile court takes up the matter, not as the trial of a criminal charge, but as a problem to determine the status of the child, to see whether the child is dependent, neglected or delinquent, and hence whether it has become necessary, for the welfare of the child and in the interest of the public, that the state, in the particular instance, shall step in, and require a change of the custody of the child, provide other associates or a new environment, and provide for such care and training as may lead to its reformation. Such a proceeding is obviously quite different from a criminal proceeding, and is not penal in character.

The law governing the procedure of juvenile courts recognizes that criminal charges should be handled in a different manner, and by section 1245 it is provided that in all trials, where a delinquent child is charged with a crime, a jury may be demanded. For a discussion which brings out the distinction between criminal charges and those matters which are properly within the purview of the juvenile court, see *State v. Burnett*, 179 N. Car. 735; *Ex parte Bartee*, 76 Tex. Cr. Rep. 285.

Under the statute involved in this case, the person who causes or contributes to the delinquency of a child is made guilty of a misdemeanor. Prosecution upon that charge is clearly a criminal prosecution. It is not a proceeding to determine a status, but to establish guilt and inflict punishment. It is not such a proceeding as is within the general purview of the jurisdiction of a juvenile court, nor one in which special procedure or summary punishment can be logically justified. 14 R. C. L. 277, sec. 48.

In some states, where the legislature has attempted to provide that the prosecution of such charges shall be had before the juvenile courts without a jury and without that general protection which must be afforded in criminal trials, the laws have been declared invalid, since they impair the constitutional rights of the accused. *Mill v. Brown*, 31 Utah, 473; *Robison v. Wayne Circuit Judges*, 151 Mich. 315; *State v. Tincher*, 258 Mo. 1.

The statute involved, as we construe it, is not a part of the juvenile court act, and prosecutions on the charge of causing or contributing to the delinquency of a child are not matters for summary disposal by juvenile courts, but are for the criminal courts, and are to be tried before a jury and in the manner provided by the general Criminal Code.

The refusal to grant a jury trial is fatal to the proceeding.

REVERSED.