**V. E. McDONALD, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 29, 1960.

Wylie & Sloan, Lexington, for appellant.

Jo M. Ferguson, Atty. Gen., Paul E. Hayes, Asst. Atty. Gen., for appellee.

MONTGOMERY, Chief Justice.

V. E. McDonald appeals from a conviction of the offense of contributing to the delinquency of a minor. KRS 199.320(1). He was sentenced to twelve months' confinement in jail. He contends that the statute is in violation of United States Constitution Amendment XIV and Kentucky Constitution Section 1 and that the verdict is not supported by the evidence.

It is urged for reversal that the language of the statute under which appellant has been prosecuted is so vague and indefinite that it does not define with reasonable certainty the acts to be condemned and thus violates the constitutional provisions mentioned. KRS 199.320(1) provides:

"No person shall knowingly encourage, aid, cause, or in any manner contribute to the conditions which cause or tend to cause a child to become delinquent, neglected or charged with a crime."

██ It is insisted that it is left to conjecture as to what is lawful and what is unlawful. The language of the statute is couched in words of ordinary usage embodied in a simple sentence of prohibition. The purpose of such a statute in so far as this case is concerned is to protect the morals and health of a minor. State v. Lefebvre, 91 N.H. 382, 20 A.2d 185; State v. Mahoney, Ohio, 87 N.E.2d 496. The pertinent words used in our statute have been defined in Commonwealth v. Stroik, 175 Pa.Super. 10, 102 A.2d 239, 241, as:

" 'Delinquency' is a very broad term involving in some cases a single act and in others a course of conduct, sometimes with no single act sufficiently serious to warrant a finding of delinquency. * * *

" 'Contributing to delinquency' is also a broad term involving conduct toward a child in an unlimited variety of ways which tends to produce or to encourage or to continue conduct of the child which would amount to delinquent conduct."

It is impossible to detail all of the acts which could conceivably fall within the condemnation of the statute as delinquencies or contributing to delinquency; hence, it was necessary to use general terms. The purpose and intent of the statute are plain and evident from the language used. The basis on which appellant contends that the statute is unconstitutional is not meritorious.

██ Appellant contends that the verdict is not supported by the evidence. Sara Louise Williams, a ten-year-old at the time of the alleged misconduct, testified that the appellant called her into his barber shop, took her behind the barber chair, pulled up her dress, and felt of her private parts. She had started to the drug store for medicine for her mother.

Her father testified that Sara Louise frequently passed the shop on the way to the grocery store and that he learned of the alleged mistreatment of his daughter when she was reluctant to go to the store. Her mother corroborated the testimony of the daughter and the father.

Appellant denied any wrongdoing. He claimed that the child came to his shop to borrow money for her family and that he refused her request. This was denied, the mother stating that she sent two dollars with the child to have a prescription filled on the day of the alleged incident. The child testified that at times appellant had given her and her younger brother "change, like nickels and dimes," and on one occasion had placed a five dollar bill in front of his car and told her that what she found was hers. Appellant denied the five dollar bill incident, but admitted giving Sara Louise a dime for Coca Cola bottles on one occasion and coins and pencils to other children. The barber shop was located on North Limestone Street in Lexington. It sat back from the street, and the interior was open to public view by reason of a large glass window in the front of the building.

It is insisted for appellant that the whole incident is unbelievable. It was within the province of the jury to believe the child's testimony, supported by the testimony of her father and mother, or to believe appellant's uncorroborated testimony. The conduct of appellant toward Sara Louise Williams was not in the best interest of her good morals and health. If permitted to continue, it might well have resulted in this child's becoming a delinquent. The evidence in the present case is considered sufficient to sustain the verdict.

Appellant urges that this case is controlled by Koch v. Commonwealth, Ky., 290 S.W.2d 783. In that case, the conviction of an elderly man of assault and battery on an

eight and one-half-year-old female child was reversed. To sustain the position of appellant under the doctrine of the Koch case would, in effect, license elderly men under the guise of kindness and charity to take indecent liberties with young girls. In so far as the Koch case may be in conflict, it is overruled.

Judgment affirmed.