STATE OF NEBRASKA, APPELLEE, V. ROGER C. LEVELL, APPELLANT.

149 N. W. 2d 46

Filed March 3, 1967. No. 36360.

William L. Walker, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and POLLOCK, District Judge.

WHITE, C. J.

Some knives, missing from the vegetable preparation department of the kitchen at the Nebraska Penal and Correctional Complex, were found in a brine tank. An investigation by prison officials ensued. The defendant and several other inmates were interrogated by prison officials on Friday and Saturday, December 17 and 18, 1965. On Saturday, December 18, 1965, the defendant and inmates Sharp and Mason were ordered to be taken to the adjustment center pending completion of the investigation concerning the missing knives. The defendant denied having taken the knives or having knowledge of

who did. On the way to the adjustment center, the three inmates were walking abreast ahead of three officers. Lieutenant Foster testified that he was immediately behind the defendant as the group proceeded down the sidewalk south of the administration building. When they reached a point on the sidewalk close to the commissary building, the State's testimony is to the effect that the defendant suddenly turned around and swung and hit Foster in the forehead. Foster was knocked down by the blow and his face bloodied. The defendant and several inmates testified that Foster struck Levell first. The State's testimony, including that of the officers, directly contradicted this.

Defendant was charged and convicted by a jury of a violation of subsection (2), section 28-411, R. S. Supp., 1965. He was sentenced to a period of 3 years in the Nebraska Penal and Correctional Complex, from which he appeals.

Defendant's basic contention, summarizing his assignments of error, is that the assault of a guard by an inmate does not fall under subsection (2), section 28-411, R. S. Supp., 1965. Section 28-411, R. R. S. 1943, was amended by the 1965 Legislature by Laws 1965, c. 137, § 1, p. 476, referred to herein as L.B. 698, and it reads in full as amended as follows: "(1) Except as provided in subsection (2) of this section, whoever unlawfully assaults or threatens *another* in a menacing manner, or unlawfully strikes or wounds *another* shall, upon conviction thereof, be fined in any sum not exceeding five hundred dollars or be imprisoned in the jail of the county not exceeding six months, and shall, moreover, be liable to the suit of the party injured. (2) Whoever, being confined or in legal custody in the Nebraska Penal and Correctional Complex or any road camp thereof, whether as trusty or otherwise, or in the State Reformatory for Women, unlawfully assaults or threatens *another* in a menacing manner, or unlawfully strikes or wounds another, shall be guilty of a felony and shall, upon con-

viction thereof, be imprisoned in the Nebraska Penal and Correctional Complex or the State Reformatory for Women for not more than five years." (Emphasis supplied.)

The substance of defendant's contention is that the word "another" in subsection (2), means "another inmate" and not "another person." We do not agree. L.B. 698 (now section 28-411, R. S. Supp., 1965), added subsection (2) to what was the basic law of assault and battery as contained in the prior section, section 28-411, R. R. S. 1943. Both parties concede, and there can be no doubt, that the word "another" in subsection (1) of this statute means "another person." We feel that it is clear that subsection (2) simply provides that whoever is an inmate in the Nebraska Penal and Correctional Complex and commits the same offense, shall be guilty of a felony. The language defining the essential nature of the crime "unlawfully assaults or threatens another" is identical in subsections (1) and (2) of the statute. Subsection (2) simply provides that when a particular class of persons, namely inmates, committed the same offense, that it constituted a felony. The word "another" as used in subsection (1) of the statute has long meant "another person." That being true, when the Legislature used the same word in subsection (2), it is presumed to have adopted the same meaning. Here applicable is the principle announced in Brasier v. City of Lincoln, 159 Neb. 12, 65 N. W. 2d 213, in which the court stated: "It has long been the rule that if the words used in a legislative act had, at the time used, received a settled construction, we must presume that the Legislature adopted them in that sense." It is also clear that a different meaning has not been expressed in the context of this statute. We hold that it has the same significance and meaning as employed in subsection (1) of the statute.

: This interpretation is reinforced when we read the title of L.B. 698 which is as follows: "An Act to amend

section 28-411, Reissue Revised Statutes of Nebraska, 1943, relating to crimes and punishments; *to provide when violation thereof shall be a felony;* to provide a penalty; and to repeal the original section." (Emphasis supplied.) It therefore appears that the stated purpose of the amendment was to provide under what circumstances a violation of subsection (1) would constitute a felony. Construing the language employed in the title to the act and the amendment, we can come to no other conclusion than that the word "another" used in subsection (2) meant "another person" and not "another inmate."

Defendant further argues that since the statute is susceptible to two different interpretations, it must fall under the rule of strict construction of a penal statute. We do not agree. While a penal statute must be expressed in clear language, it is not necessary that it be so written as to be beyond the mere possibility of more than one construction. 22 C. J. S., Criminal Law, § 24, (2)a, p. 72. The possible interpretation that defendant would have us accept would be out of harmony with the title to the act, its evident purpose and intent, and would further lead to an unreasonable and absurd conclusion. It would require us to hold that assaults by inmates on each other would be a felony whereas an assault by an inmate on a guard or other persons not inmates would be a misdemeanor. We do not believe that the Legislature in passing this statute intended to place a higher value on the safety of inmates than it places on the safety of guards or other persons who necessarily come into contact with inmates. Even assuming that there are two possible constructions of the statute, which is not true, a construction which is unreasonable or creates absurdities should not be adopted. The legislative intent is clearly discoverable from the language of the act and the title. It was simply to provide that when an assault was committed by an inmate against any other person the Legislature declared it to be a felony

and provided an appropriate penalty. The following principles are applicable. In In re Guardianship of Kraft, 150 Neb. 171, 33 N. W. 2d 534, the court stated: " 'In construing a statute, it is the duty of the court to discover, if possible, the legislative intent from the language of the act and give effect thereto.' " In Pierson v. Faulkner, 134 Neb. 865, 279 N. W. 813, it was said: "When a statute is ambiguous or susceptible of two constructions, one of which creates absurdities, unreasonableness or unequal operation and the other of which avoids such a result, the latter should be adopted."

Defendant cites the committee's statements before the Legislature and the floor debate in connection with the passage of L.B. 698. Defendant also cites several rules of statutory construction. The legislative history and the general rules of statutory construction may be resorted to in case of ambiguity or uncertainty. As we have seen however the statute here is clear and unambiguous and, as we view it, susceptible to only one interpretation; that is, that the word "another" means "another person." The following is applicable from State ex rel. Finigan v. Norfolk Live Stock Sales Co., Inc., 178 Neb. 87, 132 N. W. 2d 302, on rehearing, wherein this court stated: "Rules of interpretation are resorted to for the purpose of resolving an ambiguity, not of creating it. * * * When language of a statute is unambiguous, there is no necessity for construction; courts have no jurisdiction to change the language of a statute."

We have examined the contentions of the defendant as to the construction of subsection (2) of L.B. 698 (section 28-411, R. S. Supp., 1965) and find them to be without merit.

Defendant claims that subsection (2) of L.B. 698 (section 28-411, R. S. Supp., 1965) is unconstitutional because it is vague and ambiguous. Again, this argument rests upon the proposition that the word "another" means "another inmate." As we have seen, this proposition is without merit and therefore the argument of the de-

fendant as to the unconstitutionality of L.B. 698 falls.

Defendant contends that L.B. 698 is unconstitutional and void as being a violation of Article 3, section 14, of the Constitution of the State of Nebraska, which provides in part that: "No bill shall contain more than one subject, and the same shall be clearly expressed in the title." He contends that the title to the act was not broad enough to justify the enactment of subsection (2). The title to the act, which has been quoted hereinbefore, provides that it is an act to amend section 28-411, R. R. S. 1943, and "to provide when violation thereof shall be a felony, * * *." The purpose of the constitutional provision is to prevent surreptitious legislation and to provide that notice of the subject matter of the projected law, through the title to the bill, is given to members of the Legislature and the public. Here the subject of the bill was to amend the previous assault and battery statute. It states that its purpose was to provide when a violation thereof should become a felony. The Legislature and the members of the public were advised by this title that it was intended to amend the law of assault and battery as it previously existed and to provide when it should become a felony. The act, as we have previously pointed out, clearly and explicitly does this very thing. The title of the act was germane to the section amended and clearly advised anybody interested as to its purpose and to the general nature of its contents. The act itself was clearly confined to the same subject matter as in the section sought to be amended. In County of Dawson v. South Side Irr. Co., 146 Neb. 512, 20 N. W. 2d 387, this court stated as follows: "In State v. Tibbets, 52 Neb. 228, 71 N. W. 990, the following is quoted with approval from Miller v. Hurford, supra: 'That an amended section must be germane to the section amended does not mean that it must be confined to the same limits; that it cannot be enlarged and extended beyond the limits of the original section. It only means that it must be con-

fined to the same subject-matter, or have the same object in view, and this subject-matter or object may be general in its nature. So long as the legislature fairly confines itself to the object of the original section it is sufficient.' "

In State ex rel. City of Columbus v. Price, 127 Neb. 132, 254 N. W. 889, it is said: "If by a fair and reasonable construction the title calls attention to the subject-matter of the bill, it may be said that the object is expressed in the title." Other authorities are abundant to the effect that it is not necessary for the title to analyze the bill in detail and it is not necessary that the title inform the readers of the specific contents of the bill. This was an amendatory act. The title clearly expressed the purpose of enacting subsection (2), and subsection (2) was clearly germane to the subject matter expressed in the title of the act. The Legislature clearly confined itself to the object of the amendment as expressed in the title. There is no merit to this contention.

Defendant contends that the information in this case did not inform the appellant with reasonable certainty of the charge against him. The information in this case charges the commission of the offense substantially in the words of the statute. It charged that the defendant, "while being confined and in legal custody of the Nebraska Penal and Correctional Complex, did unlawfully assault and strike William Foster * * *." An information charging an offense in substantially the words of the statute is generally sufficient. Hans v. State, 147 Neb. 67, 22 N. W. 2d 385; McKenzie v. State, 113 Neb. 576, 204 N. W. 60; Chadek v. State, 138 Neb. 626, 294 N. W. 384.

Citing Escobedo v. Illinois, 378 U. S. 478, 84 S. Ct. 1758, 12 L. Ed. 2d 977, and Miranda v. Arizona, 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, defendant contends that his constitutional rights were violated when he was interrogated by prison officials as to the missing

knives. Those cases relate to the use of a confession obtained without proper warning of constitutional rights. and of the right to counsel. There was no confession used in this case and the evidence is undisputed that the defendant made no admission with respect to the taking of the knives or placing them in the brine tank. Further, the interrogation by the prison officials was with relation to the maintenance of internal security and to the rules and regulations of the prison, and did not relate to nor did it concern a prosecution for any crime. Defendant's constitutional rights were not violated and there is no merit to this contention. The interrogation by the prison officials in this case, with respect to the knives in the brine tank, was a matter of purely internal discipline in the prison and not subject to judicial review. See, Kostal v. Tinsley, 337 F. 2d 845; Roberts v. Pegelow, 313 F. 2d 548. There is no merit to this contention.

Finally, the defendant complains of the giving of a number of instructions in this case. The contention as to these instructions is based upon the argument that the trial court erroneously instructed on the theory that the word "another" in the statute meant "another person" and not "another inmate." As we have seen, this contention has no merit and consequently the argument as to the erroneousness of the instructions in this respect falls.

The contentions of the defendant are without merit. The judgment of the district court is correct and is affirmed.

AFFIRMED.