STATE OF NEBRASKA, APPELLANT, v. ERWIN C. SIMANTS
ET AL., APPELLEES.

155 N. W. 2d 788

Filed January 19, 1968.   No. 36663.

Walter R. Mullikin, for appellant.

Baskins, Baskins & Schneider, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

In this action, defendants were charged with con-

tributing to the delinquency of a 14-year-old female child. On conviction in the county court, defendants appealed to the district court. Demurrer was filed to the complaint on the ground that section 28-477, R. S. Supp., 1965, is unconstitutional in that it is "vague and uncertain" and constitutes an unlawful delegation of legislative power. The demurrer was sustained on both counts, the complaint dismissed, and appeal taken to this court by the county attorney.

Section 28-477, R. S. Supp., 1965, provides in part: "Any person who by any act, encourages, causes, or contributes to the delinquency, neglect, or need for special supervision, of a child under eighteen years of age, so that such child becomes, or will tend to become, a delinquent or neglected child, or a child in need of special supervision as defined by section 43-201, shall be deemed guilty of a misdemeanor." Section 43-201, R. S. Supp., 1965, referred to in the statute last-above cited defines the terms neglected child, delinquent child, and child in need of special supervision as follows: "* * * (3) Neglected child shall mean any child under the age of eighteen years (a) who is abandoned by his parent, guardian, or custodian; (b) who lacks proper parental care by reason of the fault or habits of his parent, guardian, or custodian; (c) whose parent, guardian, or custodian neglects or refuses to provide proper or necessary subsistence, education, or other care necessary for the health, morals, or well-being of such child; (d) whose parent, guardian, or custodian neglects or refuses to provide special care made necessary by the mental condition of the child; or (e) who is in a situation or engages in an occupation dangerous to life or limb or injurious to the health or morals of such child;

"(4) Delinquent child shall mean any child under the age of eighteen years who has violated any law of the state or any city or village ordinance;

"(5) A child in need of special supervision shall mean any child under the age of eighteen years (a) who, by

reason of being wayward or habitually disobedient, is uncontrolled by his parent, guardian, or custodian; (b) who is habitually truant from school or home; or (c) who deports himself so as to injure or endanger seriously the morals or health of himself or others; * * *."

Defendants contend that the phrase "Any person who by *any act*, encourages, causes, or contributes to the delinquency," etc. (emphasis supplied) is so all inclusive as to render the statute so vague and indefinite that it must be held to violate the due process clauses contained in the Constitutions of the State of Nebraska and of the United States. Defendants state that under this statute, a minor could be prosecuted for contributing to the delinquency of another minor; and that it proscribes not only intentional acts directed to causing or contributing to the delinquency of a minor, but also acts not so intended. In this respect they refer primarily to examples set by adults on the theory that one who smokes, drinks alcoholic liquors, or engages in other activities of similar nature permissible for adults, but frowned upon for minors, could, when occurring in the presence of minors, set a bad example and thereby be said to encourage delinquency within the meaning of the statute.

Certainly one minor may contribute to the delinquency of another. Cannot a 17-year-old boy, as well as an adult, contribute to the delinquency of a 14-year-old girl?

The defendants are, in effect, contending that the statutory wording must be accepted in a strictly literal sense and that as a consequence, an individual committing a perfectly innocent act could conceivably be in violation of the statute. This is not correct. "While a penal statute must be expressed in clear language, it is not necessary that it be so written as to be beyond the mere possibility of more than one construction." State v. Levell, 181 Neb. 401, 149 N. W. 2d 46. "In construing a statute, the court must look to the object to be accomplished, the evils and mischief sought to be remedied, or the purpose to be subserved, and place on it a reasonable or liberal

construction which will best effect its purpose rather than one which will refeat it." Rebman v. School Dist. No. 1, 178 Neb. 313, 133 N. W. 2d 384. A penal statute is required to be construed strictly, but should be given a sensible construction, and general terms therein should be so limited in their construction as not to lead to injustice, oppression, or an absurd consequence. Macomber v. State, 137 Neb. 882, 291 N. W. 674. See, also, State v. Tatreau, 176 Neb. 381, 126 N. W. 2d 157. A primary rule of construction is that the intention of the Legislature is to be found in the ordinary meaning of words of a statute in the connection with which they are used and in the light of the mischief to be remedied; the rule requiring strict construction of a penal statute is not violated by giving to the words their full meaning in the connection in which they are employed. State v. Buttner, 180 Neb. 529, 143 N. W. 2d 907. "It is the duty of this court to give a statute an interpretation which meets constitutional requirements if it can reasonably be done." Heywood v. Brainard, 181 Neb. 294, 147 N. W. 2d 772.

The reasonable, sensible construction of this statute and the one which appears obvious complies with the legislative intention in that it refers only to conduct committed with reference to or directed toward a child or performed upon or against a child. When viewed in this light, it is apparent that defendants' objections are without foundation.

Defendants further state that since the statute in question defines a delinquent child as one who has violated any law of the state *or any city or village ordinance* that it constitutes an unlawful delegation of legislative authority and violates constitutional requirements of uniformity in application. It is true that the ordinances in the various cities and villages in Nebraska may, and undoubtedly do, vary in some respects and that an act which may be forbidden in one city may not be forbidden outside the city limits or in another city. This, however, is not the point at issue. Section 43-201, R. S. Supp.,

1965, is not a penal statute, but is one created for the protection of minors. The fact that a child may violate a law or ordinance and thus be considered a delinquent has only an indirect bearing on the proposition here presented. One prosecuted under section 28-477, R. S. Supp., 1965, is not prosecuted because a child violated a city ordinance or a state law, but rather because such offender encouraged, caused, or contributed toward the child's having done so. In other words, he is prosecuted because he, in effect, has encouraged or caused the child to regard the constituted authorities with contempt and encouraged or caused him to willfully perform an unlawful act. One may well be in violation of the statute even though the child does not actually violate any law or ordinance if such violation has been encouraged. There is, therefore, no unlawful delegation of legislative authority and the statute is uniform in its application.

It may be well to ascertain how statutes of this nature are generally regarded. It appears to be generally recognized that such statutes necessarily have a broad application. There is such a multitude of acts of this kind which can reasonably be expected to encourage, cause, or contribute to the delinquency of minors that it is, from a practical standpoint, well-nigh impossible to specify and forbid each particular act. The following language may be found in 31 Am. Jur., Juvenile Courts, Etc., § 95, p. 345: "It is broadly held under most statutes that any acts of commission or omission causing or tending to cause juvenile delinquency constitute the offense of contributing to delinquency. But it is impossible to lay down any rule as to what will or will not invariably tend to produce delinquency or dependency in minors." Notwithstanding the necessity of couching such statutes in general terms, they are generally upheld. In Loveland v. State of Arizona, 53 Ariz. 131, 86 P. 2d 942, the court upheld a statute which forbade one "* * * by *any act,* cause, encourage or contribute to the

dependency or delinquency of a child, * * *." (Emphasis supplied.) In Anderson v. State (Alaska), 384 P. 2d 669, the court dealt with a statute which provided: "Any person who shall commit *any act,* or omit the performance of *any duty,* which act or omission causes or tends to cause, encourage or contribute to the delinquency of any child * * *." (Emphasis supplied.) A delinquent child was there defined as: "* * * any child under the age of eighteen years who violates any law of the United States, or of the Territory, or *any city or town ordinance;* * * *." (Emphasis supplied.) The act was held to be constitutional. In State v. McKinley, 53 N. M. 106, 202 P. 2d 964, the statute dealt with provided: "Any person who shall commit *any act* or omit the performance of *any duty,* which act or omission causes, or tends to cause or encourage the delinquency * * *" shall be guilty of a felony. (Emphasis supplied.) The definition of a juvenile delinquent included one under the age of 18 years: "Who has violated any law of the state, *or any ordinance or regulation of a political subdivision thereof.*" (Emphasis supplied.) The court upheld the constitutionality of the statute. In State v. Montalbo, 33 N. J. Super. 462, 110 A. 2d 572, the court had before it a statute which provided that: "A parent, legal guardian or person having the custody or control of a child * * * or any other person who by *any willful act* encourages, causes or contributes to a child's delinquency, is guilty of a misdemeanor." (Emphasis supplied.) The New Jersey statutes further provided: "Juvenile delinquency is hereby defined as the commission by a child under 18 years of age (1) of any act which when committed by a person of the age of 18 years or over would constitute: * * * b. The violation of any penal law *or municipal ordinance* * * *." (Emphasis supplied.) The court upheld the act as constitutional. It will be noted that the cases last-above cited are very similar to the Nebraska act in that they use the terms *"any act* which encourages, causes, or contributes to the

delinquency of a minor" (emphasis supplied) and also include in the definition of a juvenile delinquent, a child under the age of 18 years who violates a *city or municipal ordinance*. For other cases not quite so directly in point but along the same general line, see, McDonald v. Commonwealth (Ky.), 331 S. W. 2d 716; People v. Beaugez, 232 Cal. App. 2d 650, 43 Cal. Rptr. 28; Brockmueller v. State, 86 Ariz. 82, 340 P. 2d 992; Sissom v. State, 210 Tenn. 556, 360 S. W. 2d 227; Millhollan v. State, 221 Ga. 165, 143 S. E. 2d 730; Fernandez v. Klinger, 346 F. 2d 210; State v. Evans, 73 Idaho 50, 245 P. 2d 788; State v. Barone (Fla.), 124 So. 2d 490.

In view of the foregoing, we find the statute first above-mentioned to be constitutional and that the district court erred in ruling to the contrary thus requiring a reversal of the judgment and a remand of the cause.

REVERSED AND REMANDED.

McCOWN, J., dissenting.

I respectfully dissent. The problem posed is accented dramatically by the transcript in this case. A thorough and complete examination of that transcript does not reveal what act or acts were done by the defendants. The complaint itself alleges only that on a given date, and within the county, the defendants "did then and there contribute to the delinquency" of a named female child under 18, "so that the child will tend to become a delinquent child."

The district court specifically found that the statute was vague and uncertain, and also constitutes an unlawful delegation of legislative power. The demurrer of the defendants was sustained for the reason that section 28-477, R. S. Supp., 1965, was unconstitutional.

The majority opinion discusses only the question of whether the statute itself is unconstitutional since that issue was the only one directly presented and argued, but the majority opinion reverses the judgment of the district court sustaining the demurrer. Impliedly or directly, the majority opinion, therefore, holds that it is

sufficient if an information or a complaint charges the crime of contributing to the delinquency of a minor in the statutory language. It would seem to be well established that in this state all public offenses are statutory and no act is criminal unless the Legislature has in express terms declared it to be so. "An information must inform the accused, with reasonable certainty, of the charge being made against him in order that he may prepare his defense thereto and also be able to plead the judgment rendered thereon as a bar to a later prosecution for the same offense." State v. Coomes, 170 Neb. 298, 102 N. W. 2d 454. State v. Buttner, 180 Neb. 529, 143 N. W. 2d 907, quoted the above language and also the following: "The information (or indictment) must expressly and directly state each fact that is an essential element of the crime intended to be charged so that the accused will not be required to go beyond the information to learn the nature of the charge against him or the issue he must meet."

The majority opinion quotes with approval 31 Am. Jur., Juvenile Courts, Etc., § 95, p. 345. The same authority states: "In such a prosecution (contributing to delinquency of a minor) the indictment, information, or complaint should allege the particular facts, acts, words, conduct, or omissions which it is contended causes the accused to be guilty of the offense. Thus, it has been held that in order to charge a defendant with contributing to the delinquency of a minor, an indictment or information must not only allege generally in the language of the statute that he committed such a crime but it must further allege a specific act or conduct on his part which directly tended to render the minor delinquent." § 97, p. 346.

Even though the general statute itself be deemed constitutional, it is completely impossible for any court to determine whether an act of commission or omission does or does not constitute the offense of contributing to delinquency if the court does not even know what par-

ticular act or acts were done or omitted.

It should be noted also that section 28-477, R. S. Supp., 1965, does not require any element of knowledge or intent, and any person may be charged with the offense, regardless of age. That statute also specifically ties the crime to the sole and specific definition of delinquent child set out in section 43-201, R. S. Supp., 1965. Most citizens would be amazed and shocked to learn that section 43-201, R. S. Supp., 1965, defines a delinquent child as: "* * * any child under the age of eighteen years who has violated any law of the state or any city or village ordinance." This change in definition occurred in 1965. That definition does not even differentiate between civil or criminal statutes of the state nor between ordinances of cities or villages civil or criminal in nature. Neither is it limited in any way to statutes or ordinances requiring criminal intent, or guilty or wrongful purpose, nor does it require any part of the old concept of mens rea. The same is true of section 28-477, R. S. Supp., 1965. On its face, therefore, the statute now makes criminal "any act," regardless of intent or purpose, which "encourages, causes, or contributes to" the violation of "any law of the state or any city or village ordinance" by any child under the age of 18 years.

Under the facts and circumstances here, even though the majority opinion holds the statute itself constitutional, the judgment should nevertheless be affirmed on the ground that a complaint or information in such a case is not sufficient unless it alleges the particular facts, acts, words, conduct, or omissions on the part of the defendant which cause him to be guilty of the offense. Anything less does not approach the most basic concepts of due process nor permit a proper judicial determination of whether or not an information or complaint is sufficient.

The foregoing only emphasizes the basic issue of constitutionality. Traditionally such statutes have been aimed at the protection of minors in the area of morals

and health. There is substantial authority to support the position that generally such statutes dealing with contributing to the delinquency of minors in the traditional areas of morals and health are constitutional. There is also authority to support the opposite view. For example, see, State v. Vallery, 212 La. 1095, 34 So. 2d 329 (1948). A change of one word in the act following that decision was held sufficient to support constitutionality. State v. Fulmer, 250 La. 29, 193 So. 2d 774 (1967).

Various states have taken varied approaches to the problem. Until 1965, Nebraska statutes were reasonably within the pattern. The amendments to section 28-477, R. R. S. 1943, and section 43-201, R. S. Supp., 1963, both made in 1965, however, introduced the problem which exists here. Nebraska's statutes now stand virtually alone in defining a delinquent child specifically and solely as one "who has violated any law of the state or any city or village ordinance." This is the only criterion for determining delinquency. This applies both to juvenile proceedings under section 43-201, R. S. Supp., 1965, and also to criminal proceedings for contributing to delinquency under section 28-477, R. S. Supp., 1965, by specific incorporation. It would seem crystal clear that such a broad and sweeping classification would be arbitrary, discriminatory, and unreasonable and would violate the equal protection clause as well as elementary due process. If any court were required to hold that one violation of a city or village curfew or parking ordinance by a minor was alone sufficient to classify the child as delinquent, remove him from the custody of his parents, and invoke the punitive action of the juvenile court, the consequent hue and cry would be fully justified. I do not believe the Legislature had any such intention.

I believe that subsection (4) of section 43-201, R. S. Supp., 1965, is so broad, general, and unreasonable as to be unconstitutional in itself. When directly attached by specific reference to section 28-477, R. S. Supp., 1965,

the constitutional problems are compounded. How could any court determine what act would tend to cause a child to violate any law of the state or any city or village ordinance? Such statutes go far beyond any traditional concepts.

As early as 1921 this court said: "Under the statute involved in this case, the person who causes or contributes to the delinquency of a child is made guilty of a misdemeanor. Prosecution upon that charge is clearly a criminal prosecution. It is not a proceeding to determine a status, but to establish guilt and inflict punishment. It is not such a proceeding as is within the general purview of the jurisdiction of a juvenile court, nor one in which special procedure or summary punishment can be logically justified." Swanson v. State, 105 Neb. 761, 181 N. W. 921. Incidentally, in that case, the charge specified the act done by the defendant.

Under the provisions of section 28-477, R. S. Supp., 1965, a minor might himself be guilty of contributing to the delinquency of another minor. It should be noted here also that the ages of the defendants in this case are not shown.

This court has said repeatedly that a criminal statute should operate uniformly throughout the jurisdiction. Where the only definition of delinquency includes the violation of any city or village ordinance, it is apparent on the face of the statute that some acts might contribute to the delinquency of a minor if done within a city or village while the same acts done outside the city limits or in another city or village, even in the same county, would not subject the actor to criminal responsibility under the statute.

This court in State ex rel. English v. Ruback, 135 Neb. 335, 281 N. W. 607, quoted the following: "Reasonable certainty, in view of the conditions, is all that is required, and liberal effect is always to be given to the legislative intent when possible; but where the legislature declares an offense in words of no determinate

signification, or its language is so general and indefinite that it may embrace not only acts commonly recognized as reprehensible but also others which it is unreasonable to presume were intended to be made criminal, the statute will be declared void for uncertainty. (Citing text.)

"The test to determine whether a statute defining an offense is void for uncertainty (1) is whether the language may apply not only to a particular act about which there can be little or no difference of opinion, but equally to other acts about which there may be radical differences, thereby devolving on the court the exercise of arbitrary power of discriminating between the several classes of acts. (Citing case.) (2) The dividing line between what is lawful and what is unlawful cannot be left to conjecture." See, also, Connally v. General Construction Co., 269 U. S. 385, 46 S. Ct. 126, 70 L. Ed. 322; Lanzetta v. New Jersey, 306 U. S. 451, 59 S. Ct. 618, 83 L. Ed. 888.

While I recognize that the moral welfare of children must be protected, constitutional imperatives require that no citizen should be held to answer charges based upon penal statutes whose mandates are so far-reaching, all-encompassing, arbitrary, and uncertain.