STATE OF NEBRASKA, APPELLEE, v. WILLIAM (BILL) McCUNE, APPELLANT.

201 N. W. 2d 852

Filed November 3, 1972.   No. 38501.

Mingus & Mingus, for appellant.

Clarence A. H. Meyer, Attorney General, and Betsy G. Berger, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

The defendant was convicted of contributing to the delinquency of Lenora Pabian, a minor under the age of 18 years, and sentenced to imprisonment in the county jail for 4 months. He appeals, contending the evidence was insufficient to sustain the conviction and the trial court should have suppressed the evidence obtained as a result of his arrest. There is no issue concerning the constitutionality of the statute or the sufficiency of the complaint.

The record shows that Terry Kincheloe, a deputy sheriff of Buffalo County, Nebraska, saw the defendant's automobile parked on a county road in Sherman County, Nebraska, at about 12:30 a.m., on December 28, 1971. As Kincheloe approached the defendant's automobile he saw a beer can lying directly below the door on the driver's side of the automobile, and 2 beer cans behind the automobile. It had snowed during the evening of December 27, and the beer cans were lying on top of the snow. There were no tracks on the road except those that had been made by the defendant's automobile.

Kincheloe drove past the defendant's automobile and contacted the sheriff of Sherman County. Kincheloe and the sheriff then returned to the place where the defendant's automobile had been parked. The beer cans were there but the defendant's automobile was gone. At about 1:30 a.m., they stopped the defendant's automobile on the main street in Ravenna, Nebraska. When

Kincheloe went over to the automobile to ask the defendant about the beer cans that had been near his automobile in Sherman County, Kincheloe detected a strong odor of liquor coming from the automobile and could see that there were several people in the automobile. Kincheloe then asked the defendant and the other occupants of the car, two men and two girls, to get out of the automobile. The girls were Lenora Pabian, 15, and Monica Fisher, 19. The defendant is 26 years of age.

When the defendant got out of the automobile, Kincheloe saw that there was beer on the floor of the automobile where the defendant had been sitting. The defendant and the other occupants were taken to the city hall and the defendant was told that he would be charged with contributing to the delinquency of a minor.

The record further shows that Lenora Pabian had been riding around in the defendant's automobile in Ravenna and the area nearby since about 8:30 p.m. During this time she had drunk both beer and wine furnished by the other men in the automobile.

The offense consists of any act which encourages, causes, or contributes to the delinquency of a child under 18 years of age. § 28-477, R. S. Supp., 1972. A delinquent child is any child under 18 years who has violated any state law or city or village ordinance. § 43-201, R. R. S. 1943. The defendant furnished the automobile used for a drinking party upon the public highways in which a 15-year-old girl was allowed to participate. The evidence was sufficient to sustain the conviction.

It is doubtful whether the defendant had standing to object to the testimony obtained from Lenora Pabian and the other witnesses who were passengers in the automobile. A motion to suppress can be urged only by one whose rights were violated, not by one aggrieved solely by the introduction of damaging evidence. State v. Rice, 188 Neb. 728, 199 N. W. 2d 480.

The defendant contends that the officers had no right to stop his automobile in Ravenna because at that time there was not probable cause for his arrest. The defendant overlooks the right and duty of peace officers to investigate and prevent crime. In State v. Carpenter, 181 Neb. 639, 150 N. W. 2d 129, we said: "Defendant is laboring under the misapprehension that the same rule on probable cause applies when a person is merely stopped and questioned as when he is arrested. Defendant's approach presents a clash of interest between the protection of the public and the right of an individual. His premise is false and would cripple law enforcement. To require that a police officer must have probable cause for arrest before he can stop and question a person would extend the Constitution beyond the realm of reasonable intendment. By so holding, we would be unduly limiting police power for the mere sake of limitation. To do so would emasculate crime prevention and render peace officers impotent and useless. Individual rights on occasion must give way to the rights of society. This is the very purpose of law— to restrict the rights of the individual to provide protection for society. It is not possible to ignore the fact that police officers are charged with the duty to prevent crime as well as to detect it. Often an immediate inquiry is an indispensable attribute to the prevention and discovery of crime. This is particularly true where a moving vehicle is involved. Then, time is of the essence. Unless the vehicle is stopped and the occupants identified, it may be impossible to connect them to the area if a crime is later uncovered." See, also, A.L.I., Model Code of Pre-Arraignment Procedure, Proposed Official Draft No. 1, § 110.2, p. 5.

A peace officer is authorized to stop any person in a public place whom he reasonably suspects of committing, who has committed, or who is about to commit a crime and may demand of him his name, address, and an explanation of his actions. § 29-829, R. S. Supp., 1972.

The circumstances of the defendant's automobile parked on the highway with freshly discarded beer cans around it was sufficient to justify a reasonable suspicion on the part of the officer that one or more crimes had been committed, were being committed, and would be committed. It was not essential that the officer stop and investigate immediately. Being from an adjacent county, it was reasonable for him to obtain the assistance of an officer from Sherman County. See, State v. Carr, 2 Conn. Cir. 247, 197 A. 2d 663; Schindelar v. Michaud, 411 F. 2d 80; 5 Am. Jur. 2d, Arrest, § 33, p. 724.

After the officers had stopped the defendant's automobile in Ravenna and found there was beer in the automobile and a 15-year-old girl in the party, the arrest of the defendant was lawful. A peace officer may arrest a person without a warrant if the officer has reasonable cause to believe that the person has committed a misdemeanor and has reasonable cause to believe that the person will not be apprehended unless immediately arrested, may cause injury to others unless immediately arrested, or may destroy or conceal evidence of the commission of the misdemeanor. § 29-404.02, R. S. Supp., 1972.

It was unnecessary for the officers to search the defendant's automobile. Both the beer and the 15-year-old girl were within the plain view of the officers and the officers were in a place where they had a right to be.

In view of the defendant's record, the sentence imposed was well within the discretion of the trial court. The judgment of the district court is affirmed.

AFFIRMED.

McCOWN, J., dissenting.

This court has again held that the offense of "contributing to the delinquency" of a minor consists of any act which encourages, causes, or contributes to the delinquency of a child under 18 years of age. A delinquent child is any child under 18 years of age who has violated any state law or city or village ordinance.

On its face, therefore, the "contributing" statute makes criminal "any act," regardless of intent or purpose, which encourages, causes, or contributes to the violation of any law of the state or any city or village ordinance by a minor under the age of 18 years.

The majority also reaffirm the position that it is sufficient to charge the commission of the crime in the general words of the statute without reference to any specific acts alleged to have been done. See State v. Simants, 182 Neb. 491, 155 N. W. 2d 788. It may be useless to repeat the discussion contained in the Simants dissent at 182 Neb. 497, 155 N. W. 2d 792. Nevertheless, recent decisions of the Supreme Court of the United States dealing with general issues of unconstitutional vagueness and overbroadness make it imperative that the matter be discussed once more.

No specific acts are charged in the information before us. The majority opinion, however, makes it clear that the defendant's acts which support the conviction here consisted of furnishing the automobile used for a drinking party during which a minor drank beer and wine furnished by "other men in the automobile." The defendant's acts are summarized as furnishing the automobile used for a drinking party "in which a 15-year-old girl was allowed to participate." That language would seem to make it a criminal offense to fail to prevent a minor from violating the law or to fail to prevent others from actively assisting the minor in the violation of law. The facts here also indicate that the defendant might well be described as an "undesirable" citizen whose conduct left much to be desired under any ordinary standards.

This court has consistently held that a criminal statute must give a person of ordinary intelligence fair notice of what conduct is forbidden. That position has also been consistently upheld by the Supreme Court of the United States and recently strongly reaffirmed. In Papachristou v. City of Jacksonville, 405 U. S. 156, 92

S. Ct. 839, 31 L. Ed. 2d 110 (1972), the court without dissent struck down the Jacksonville, Florida, vagrancy ordinance as unconstitutional on its face. The court said: "This ordinance is void-for-vagueness, both in the sense that it 'fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by statute,' United States v. Harriss, 347 U. S. 612, 617, and because it encourages arbitrary and erratic arrests and convictions. Thornhill v. Alabama, 310 U. S. 88; Herndon v. Lowry, 301 U. S. 242."

The court also quoted from the case of United States v. Reese, 92 U. S. 214 (1875): "It would certainly be dangerous if the legislature could set a net large enough to catch all possible offenders, and leave it to the courts to step inside and say who could be rightfully detained, and who should be set at large."

The court also referred to the language of Mr. Justice Frankfurter in dissent in Winters v. New York, 333 U. S. 507, 68 S. Ct. 665, 92 L. Ed. 840, in which he said: "Only a word needs to be said regarding Lanzetta v. New Jersey, 306 U. S. 451. The case involved a New Jersey statute of the type that seek to control 'vagrancy.' These statutes are in a class by themselves, in view of the familiar abuses to which they are put. Definiteness is designedly avoided so as to allow the net to be cast at large, to enable men to be caught who are vaguely undesirable in the eyes of police and prosecution, although not chargeable with any particular offense."

On June 29, 1972, the Supreme Court summarily vacated the judgment in Oyen v. Washington, 408 U. S. 933, 92 S. Ct. 2846, 33 L. Ed. 2d 745. In that case, the Supreme Court of Washington had previously held that a statute prohibiting a person "without a lawful purpose" to "willfully loiter" around a school building was not unconstitutional for overbreadth or for vagueness. 78 Wash. 2d 909, 480 P. 2d 766. Obviously, the Papachristou case was deemed determinative by the United States Supreme Court.

On June 1, 1971, the Supreme Court had perhaps telegraphed its later action in Papachristou by its decision in Coates v. City of Cincinnati, 402 U. S. 611, 91 S. Ct. 1686, 29 L. Ed. 2d 214. In that case, a Cincinnati, Ohio, ordinance made it a criminal offense for "three or more persons to assemble * * * on any * * * sidewalks, street corners, vacant lots, or mouths of alleys and there conduct themselves in a manner annoying to persons passing by, or occupants of adjacent buildings." The ordinance was declared unconstitutional on its face in an opinion by Mr. Justice Stewart. The dissents tended to indicate agreement that the ordinance would be unconstitutional in many situations, but that it should not be declared unconstitutional on its face.

In the case before us, who shall determine what "act" "encourages, causes, or contributes" to a violation of any state law or city or village ordinance by a minor? The all-encompassing vagueness and overbreadth is largely due to the unusual definition of juvenile delinquency built into the Nebraska statutes since 1965 and retained in the proposed revision of the Nebraska Criminal Code. It would require a veritable Solomon to determine what particular conduct was proscribed under the statutory language. There are simply no ascertainable standards of guilt. Neither does the statute currently require even any criminal intent, nor does it make any difference whether the statute or ordinance violated by the minor is civil or criminal.

"Encouraging" or "contributing" in Nebraska are just as vague and subjective as "annoying" in Ohio. "Delinquency" as defined by the Nebraska statute is much broader than "vagrancy" as defined in the Florida ordinances, and far more imprecise. It seems transparently clear that the current statute prohibiting any act which encourages, causes, or contributes to the delinquency of a minor is unconstitutionally vague as well as unconstitutionally overbroad. The words of the Supreme

Court in Coates v. City of Cincinnati, *supra*, are appropriate. "It is said that the ordinance is broad enough to encompass many types of conduct clearly within the city's constitutional power to prohibit. And so, indeed, it is. The city is free to prevent people from blocking sidewalks, obstructing traffic, littering streets, committing assaults, or engaging in countless other forms of anti-social conduct. It can do so through the enactment and enforcement of ordinances directed with reasonable specificity toward the conduct to be prohibited."

The statute here is unconstitutional and the judgment of the district court should have been reversed.

CLINTON, J., joins in this dissent.