STATE OF NEBRASKA, APPELLEE, v. ROBERT LAVERNE
COLEMAN, APPELLANT.
204 N. W. 2d 787

Filed March 2, 1973. No. 38693.

Paul E. Watts, Stephen Greenberg, and J. Joseph McQuillan, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

A jury found defendant guilty of kidnapping and the court sentenced him to imprisonment for an indeterminate period of 25 to 40 years. After expiration of the time for appeal defendant unsuccessfully moved the court to vacate the sentence on the ground that the jury alone possessed authority to sentence him under the statute. This appeal ensued.

The sequence of events is as follows. The information in Count II charged that defendant on July 9, 1969, had imprisoned Nancy Lusins for the purpose of compelling the performance of an act by Valdis Lusins. After the verdict of guilty and on December 26, 1969, the court sentenced defendant on Count II to imprisonment for life. Our mandate in June 1971 ordered re-

sentence of defendant on the count under section 28-417, R. S. Supp., 1969. See State v. Coleman, 186 Neb. 297, 183 N. W. 2d 225 (1971). On July 1, 1971, the sentence for the indeterminate period was accordingly determined and pronounced by the district court.

Prior to September 19, 1969, the term of imprisonment for the offense committed by defendant was life. In event of injury or threatened injury to the victim the penalty was life imprisonment or death at the discretion of the jury. See Laws 1901, c. 88, § 1, p. 487. The Legislature by L.B. 700 amended the statute, effective March 19, 1969, to require the court without a jury, to fix the punishment. Laws 1969, c. 216, § 1, p. 836. It again amended the statute, effective September 19, 1969, by decreasing the term of imprisonment for the offense committed by defendant, from life to minimum and maximum terms of 3 to 50 years. See, § 28-417, R. S. Supp., 1969; Laws 1969, c. 215, § 5, p. 832.

The Legislature again amended the statute, effective May 7, 1971, respecting a degree of the offense that defendant had not committed, the provision reading in part: "Whoever shall kidnap . . . out of this state any person . . . or shall . . . imprison any person . . . with the intention of having such person . . . carried out of the state, unless it be in pursuance of the laws thereof, shall be confined . . . not less than three nor more than twenty years. Whoever shall unlawfully . . . imprison any person . . . for the purpose of compelling the performance of any act . . . by any other person . . . shall . . . be imprisoned . . . not less than three nor more than fifty years. Whoever, having for any of the purposes aforesaid unlawfully . . . imprisoned any person, shall in furtherance of any such purpose, do or threaten to do any injury to the person so . . . imprisoned, such person so offending shall . . . suffer death if the jury shall so direct, or be imprisoned . . . for not less than three nor more than fifty years as determined by the court. If the accused is found guilty by a jury, they

shall fix the punishment by their verdict; upon a plea of guilty, or after a finding of guilt by the court sitting without a jury, . . . the punishment shall be fixed by the court. Whoever shall threaten to . . . imprison any person for the purpose of extorting money . . . shall . . . be imprisoned . . . not less than one nor more than twenty years." § 28-417, R. S. Supp., 1972.

In statutory construction this court considers the ordinary meaning of the words in context and the mischief to which it attributes the remedy. See State v. Simants, 182 Neb. 491, 155 N. W. 2d 788 (1968).

The amendment of March 19, 1969, and a similar amendment of the provision relating to murder in the first degree were enacted the same day. See Laws 1969, c. 213, § 1, p. 829. The Attorney General at a committee hearing had testified in support of L.B. 700. The amendment was responsive to his doubts relating to the sweep of United States v. Jackson, 390 U. S. 570, 88 S. Ct. 1209, 20 L. Ed. 2d 138 (1968). The case decided that the death penalty only for a defendant who asserted the right to contest his guilt before a jury was constitutionally impersmissible.

Section 28-417, R. S. Supp., 1972, imposed the duty upon the court - not the jury - to determine the sentence for the offense committed by defendant.

The judgment is affirmed.

AFFIRMED.